695 F.2d 1154
 8 Ed. Law Rep. 253
 DEPARTMENT OF EDUCATION, STATE OF HAWAII, Plaintiff-Appellant,
v.
CARL D., Defendant-Appellee.
DEPARTMENT OF EDUCATION, STATE OF HAWAII,
Plaintiff/Counterclaimant/Defendant-Appellant,
v.
Laura VALENZUELA, et al.,
Defendants/Counterclaimants/Plaintiffs-Appellees.
 Nos. 81-4209, 81-4262.
 United States Court of Appeals,
Ninth Circuit.
 Argued April 21, 1982.
Submitted April 28, 1982.
Decided Jan. 4, 1983.
 
 Charleen M. Aina, Honolulu, Hawaii, for Dept. of Educ.
 Shelby Anne Floyd, Honolulu, Hawaii, argued, for Carl D. and Valenzuela, et al.; Paul Alston, Honolulu, Hawaii, on brief.
 Appeal from the United States District Court for the District of Hawaii.
 Before SCHROEDER, NELSON and BOOCHEVER, Circuit Judges.
 SCHROEDER, Circuit Judge.
 
 
 1
 These consolidated actions arose under the Education For All Handicapped Children Act of 1975, 20 U.S.C. Secs. 1401-1461 (1976) (EAHCA). The district court held in both cases that the limitations period applicable to civil actions brought under section 1415(e)(2) of the EAHCA for review of a state hearing officer's administrative decision is the thirty-day period of the Hawaii Administrative Procedures Act, Hawaii Rev.Stat. Sec. 91-14 (1976 & Supp.1981). Two suits by the Hawaii Department of Education challenging adverse hearing officer decisions were therefore dismissed as untimely. We affirm the dismissal in one and dismiss the other appeal as moot.
 
 
 2
 The EAHCA is intended to ensure the availability of an adequate public education to handicapped children. The Act provides federal financial assistance to the states upon their fulfillment of certain conditions. One of these conditions is the state's guarantee of minimum procedural safeguards "with respect to the provision of free appropriate public education by [state or local educational] agencies or units." 20 U.S.C. Sec. 1415(a).
 
 
 3
 Section 1415 of the Act identifies the procedural protections which the state must provide. The principal safeguard is an "impartial due process hearing" conducted by the state educational agency when a dispute arises between parents or guardians of a handicapped child and the agency. 20 U.S.C. Sec. 1415(b)(2). The decision of the administrative hearing officer is subject to review in either state or federal court. 20 U.S.C. Sec. 1415(e)(2). No provision of the EAHCA prescribes the period of limitations for actions under section 1415(e)(2).
 
 
 4
 The state of Hawaii has adopted the procedural safeguards called for by EAHCA and its accompanying regulations. See State of Hawaii Board of Education Rule 49 Relating to the Provision of a Free Appropriate Public Education for Exceptional Children Who Are Handicapped. In 1979 the Hawaii Department of Education (DOE) requested administrative proceedings under Rule 49 concerning the educational treatment of Laura Valenzuela and Carl D. The administrative hearing officer ruled adversely to the DOE in both cases, and it sought judicial review of the rulings.
 
 
 5
 In the first case, Carl D., both parties to this litigation now agree that a different state agency has provided the care in question. The Department of Education argues that there is still a dispute as to its financial responsibility, but whether the DOE or some other government agency or department should pay for the treatment in question is not a matter to be resolved by litigation between the parties before us. We therefore dismiss the Carl D. case as moot.
 
 
 6
 The Laura Valenzuela case is not moot, however. Documents in the record reflect that while the child has received the placement ordered, only a partial settlement was reached, contingent on the continuation and outcome of this appeal.
 
 
 7
 DOE originally sought review of the administrative proceedings in Laura Valenzuela in state court under EAHCA and applicable provisions of state law, including the Hawaii Administrative Procedures Act (HAPA), Hawaii Rev.Stat. Secs. 91-1 et seq. (1976 & Supp.1981). This action was filed within thirty days of the hearing officer's administrative decision. The state court, however, dismissed the action on the ground that the state agency was not a "person" and therefore had no right to seek review under HAPA. The state appealed a decision on the same ground in a similar case in which the Hawaii Supreme Court has recently confirmed that the state agency is not a "person" entitled to appeal from the administrative decision under HAPA. Its opinion also held that the state agency could institute an independent civil action pursuant to the EAHCA. In re Eric G., Hawaii, 649 P.2d 1140, 1144 (1982). The Hawaii court did not comment upon the appropriate limitation period.
 
 
 8
 In the case before us, Laura Valenzuela, DOE did not appeal the state court dismissal but instead filed an action in federal court. The complaint was filed more than thirty days after the hearing officer's decision. The district court, applying the thirty-day statute of limitations prescribed by HAPA for administrative appeals, Hawaii Rev.Stat. Sec. 91-14, dismissed. As the EAHCA does not provide a time within which review must be sought, the court cited its ruling in Carl D. that the thirty-day period is "the appropriate state statute of limitations governing an analogous cause of action." Department of Education v. Carl D., No. 80-0026 (D. Hawaii filed Mar. 23, 1981). The DOE now challenges this thirty-day limitation.
 
 
 9
 20 U.S.C. Sec. 1415(e)(2) provides in relevant part that
 
 
 10
 [a]ny party aggrieved by the findings and decision made [by the state educational agency] shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy. In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.
 
 
 11
 When a federal statute is silent as to the appropriate limitations period, it is correct for the federal court to "borrow" the state law of limitations governing an analogous cause of action. Board of Regents v. Tomanio, 446 U.S. 478, 483-84, 100 S.Ct. 1790, 1794-95, 64 L.Ed.2d 440 (1980); Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975). This court has recently stated that the borrowing court must "look to the state statute of limitations that applies to the most similar state cause of action." Major v. Arizona State Prison, 642 F.2d 311, 312 (9th Cir.1981).
 
 
 12
 In determining whether the state statute is analogous for the purpose of applying its limitation period, courts look to whether the scope of judicial proceedings available to a plaintiff under the state act is similar to the review available under Sec. 1415(e)(2) of the EAHCA. Tokarcik v. Forest Hills School District, 665 F.2d 443, 447-55 (3d Cir.1981), cert. denied sub nom. Scanlon v. Tokarcik, --- U.S. ----, 102 S.Ct. 3508, 73 L.Ed.2d 1383 (1982); Monahan v. Nebraska, 491 F.Supp. 1074, 1083-85 (D.Neb.1980), modified, 645 F.2d 592 (8th Cir.1981). Thus, in Monahan the court held that the Nebraska statute governing review of administrative decisions, which provided for a thirty-day limitations period, was not "sufficiently analogous" to Sec. 1415(e)(2). The court reasoned that the federal statute provided for introduction of evidence in addition to the administrative record, and the Nebraska law did not. 419 F.Supp. at 1084.
 
 
 13
 We agree with the district court in this case that the Hawaii Administrative Procedure Act has no similar deficiency in scope since it provides for the introduction of additional evidence in a particular case if authorized by another statute.[1] Moreover, as the Hawaii Supreme Court noted in Eric G., supra, the standard of review under the Hawaii provision is actually broader than that of section 1415(e)(2) of the EAHCA as recently interpreted by the United States Supreme Court in Board of Education v. Rowley, --- U.S. ----, 102 S.Ct. 3034, 3051, 73 L.Ed.2d 690 (1982).
 
 
 14
 While it is true that Hawaii has not granted state agencies, as opposed to private entities, the right to obtain review of an administrative decision under HAPA, that omission should not preclude a decision that the statute is analogous for purposes of providing a "borrowed" limitation period applicable to federal proceedings. The state has not suggested any more appropriate state statute of limitation. Moreover, in holding that the thirty-day period applies, we are mindful of the need to assure prompt resolution of disputes over education plans for handicapped children. An administrative decision to change a child's educational program cannot be implemented until all administrative and judicial proceedings are completed. 20 U.S.C. Sec. 1415(e)(3). In the final Senate debate on the legislation, Senator Williams, the champion of the Act, stated:
 
 
 15
 I cannot emphasize enough that delay in resolving matters regarding the education program of a handicapped child is extremely detrimental to his development. The interruption or lack of the required special education and related services can result in a substantial setback to the child's development. Thus, in view of the urgent need for prompt resolution of questions involving the education of handicapped children it is expected that all hearings and reviews conducted pursuant to these provisions will be commenced and disposed of as quickly as practicable consistent with a fair consideration of the issues involved. 121 Cong.Rec. 37,416 (1975) (emphasis added).
 
 
 16
 We are also mindful, however, that equitable considerations might militate against the rigid enforcement of a thirty-day limitation period in cases where unrepresented parents or guardians are unaware of the availability of review of an adverse decision. The federal statute requires that the state fully inform parents and guardians of the procedural avenues open to them when it acts or refuses to act with regard to educational treatment. 20 U.S.C. Sec. 1415(b)(1)(D); Ruth Anne M. v. Alvin Independent School District, 532 F.Supp. 460, 463 (S.D.Tex.1982). Because it is the state agency seeking review in this case, we need not decide here the hypothetical question whether equitable principles would extend or toll the period where parents or guardians do not properly receive the mandatory notice of their rights under the statute. The challenging party in this case, the state, has been well represented by counsel who were familiar with the relevant statutory provisions regarding judicial review. The district court properly enforced the thirty-day limitation period.
 
 
 17
 The appeal in No. 81-4209 is dismissed. The district court's judgment in No. 81-4262 is affirmed.
 
 
 
 [1]
 Section 91-14(f) provides that review of administrative decisions in Hawaii "shall be ... confined to the record, except that in the cases where a trial de novo, including trial by jury, is provided by law ... testimony thereon may be taken in court. The court shall, upon request by a party, hear oral argument and receive written briefs." Hawaii Rev.Stat. Sec. 91-14(f) (Supp.1981) (emphasis added)