SCHIMMEL, John, a minor, by his parents and next friends John & Betty SCHIMMEL, Schimmel, John, Schimmel, Betty, Plaintiffs,

v.

SPILLANE, Robert, Supt. Fairfax Co. Public Schools Fairfax Co. Bd. of Education Davis, John, Supt. Va. Dept. of Education, Defendants.

Civ. A. No. 85–0995–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Feb. 13, 1986.

---

Diane M. Smith, Arlington, Va., for plaintiffs.

Grady K. Carlson, Hunton & Williams, Fairfax, Va., for Spillane and Fairfax County.

Phyllis Katz, Asst. Atty. Gen., Richmond, Va., for Davis.

## MEMORANDUM OPINION

HILTON, District Judge.

John and Betty Schimmel as parents and next friends of John Schimmel, Jr. (Jim) filed this complaint against Robert Spillane, Superintendent of the Fairfax County Public Schools, the Fairfax County Board of Education, and John Davis, Superintendent of the Virginia Department of Education under the Education for All Handicapped Children Act (EHA), 20 U.S.C. § 1401 *et seq.* The plaintiffs seek, in essence, to require defendants to place and fund Jim in a private school in Vermont.

Jim is a fourteen year old boy who, since August, 1979, has been eligible for special education services provided by the Fairfax County Public Schools. He was placed in the Lab School of Washington in Wash-ington, D.C., but there came a time in July, 1984 when that facility no longer met Jim's special needs and a residential placement was required. On July 3, 1984, the contract services committee of the Fairfax County Public Schools determined that Jim was eligible for a placement in a residential school for the handicapped. Jim's student records were sent to various state approved private schools for the handicapped in order to obtain admission.

By letter dated July 20, 1984, the Schimmels were notified of Jim's acceptance at the Little Keswick School, Inc. in Keswick, Virginia. The Little Keswick School is approved by the Virginia Board of Education. That letter offered Jim an enrollment date of August 12, 1984 for the 1984–85 school year. The offer of enrollment, however, was expressly conditioned upon acceptance by July 30, 1984 and that beyond that date the school would be moving very quickly to fill its vacancies.

On July 30, 1984 Mrs. Schimmel wrote to Fairfax County and rejected the proposed placement at Little Keswick. Instead, Mrs. Schimmel requested placement at the East Hill Farm and School in Andover, Vermont. East Hill is not approved by the Virginia Board of Education. Fairfax County notified the Schimmels on August 6, 1984 that there were some reservations over East Hill's ability to meet Virginia Board of Education requirements for approval, but that a vacancy would be held open for Jim at Little Keswick until August 8, 1984.

On August 22, 1984 Little Keswick notified the Schimmels that their school was now full and unable to accept Jim. On September 5, 1984 Jim was enrolled at East Hill and continues to attend the school. Fairfax County has refused to fund the enrollment.

At the Schimmel's request, a due process hearing was conducted on September 17, 1984. The hearing officer received testimony and exhibits and a full and fair opportunity to cross examine was provided to all parties. On October 2, 1984 the hearing officer rendered his decision that the pro-

posed placement at East Hill was inappropriate in that East Hill was not approved by the Virginia Board of Education. The hearing officer also held that Little Keswick was an appropriate placement.

As a result of the hearing officer's decision, the Schimmels appealed pursuant to 20 U.S.C. § 1415(d). On December 18, 1984 the appeal hearing was held. The reviewing officer made a review of the entire hearing record and on January 21, 1985 also ruled in favor of Fairfax County. The decision stated that "[a] placement at East Hill [was] not merited when another placement, albeit untried, has been offered which does meet all criteria of the federal and state law."

Plaintiffs, as aggrieved parties to that decision, filed the instant appeal pursuant to 20 U.S.C. § 1415(e). That subsection states, in pertinent part, that:

> In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

I find that the Court has jurisdiction under 28 U.S.C. § 1331(a). 20 U.S.C. § 1415(e)(4) also states that "[t]he district courts of the United States shall have jurisdiction of actions brought under this subsection without regard to the amount in controversy."

In the area of special education, states are eligible for federal funding under the EHA if they establish a plan that "assures all handicapped children the right to a free appropriate public education." 20 U.S.C. §§ 1412(1) and 1413. The term "free appropriate public education" is defined in the EHA as:

> special education and related services which (A) have been provided at public expense under public supervision and direction and without charge (B) meet the standards of the State educational agency, (C) include an appropriate preschool, elementary, or secondary school education in the State involved, and (D) are provided in conformity with the individualized education program required under section 614(a)(5).

20 U.S.C. § 1401(18). The Commonwealth of Virginia maintains such a plan, which is codified at Code of Va. §§ 22.1–213 to 22.1–221.

In Virginia, Code of Va. § 22.1–216 specifies the manner in which a local school board can fulfill its obligations to provide a "free appropriate public education":

> A school board may provide special education for handicapped children either directly with its own facilities and personnel or under contract with another school division or divisions or any other public or *private* nonsectarian school, agency or institution *approved by the Board of Education.* (emphasis added)

The EHA further requires at 20 U.S.C. § 1413(a)(4) that each State plan set forth policies and procedures to assure, *inter alia,* that when children are placed in private elementary and secondary schools as a means of carrying out a "free appropriate public education," that:

> in all such instances the State educational agency shall determine whether such [private] schools and facilities meet standards that apply to State and local educational agencies and that children so served have all the rights they would have if served by such agencies.

20 U.S.C. § 1413(a)(4)(B)(ii). The EHA, then, expressly incorporates state educational standards.

The record before the Court as well as the testimony at trial establishes the fact that the East Hill school has not been approved by the Virginia Department of Education. Although East Hill has been approved by the Vermont Department of Education as a general education school, it has received no certification for special education. The testimony at trial of Mr. Richard Bliss, Headmaster and owner of East Hill, established that East Hill did not desire to obtain certification by the Virginia Board of Education. Mr. Bliss also testified that only one of East Hill's five resi-

dent and five nonresident staff was a certified teacher.

The record also establishes that the Little Keswick School has been approved by the Virginia Board of Education as a private school for the handicapped.

In deciding this case the Court is required to "receive the records of the [State] administrative proceedings." 20 U.S.C. § 1415(e). The U.S. Supreme Court has stated that this requirement "carries with it the implied requirement that due weight shall be given to these [administrative] proceedings." *Board of Education v. Rowley,* 458 U.S. 176, 206, 102 S.Ct. 3034, 3051, 73 L.Ed.2d 690 (1982); *accord: Prince William County School Board v. Malone,* 762 F.2d 1210, 1217 (4th Cir.1985).

Two independent hearing officers have held hearings and found from the evidence that the Little Keswick School was a proper placement for Jim, and that the East Hill School would not be a proper placement. The evidence indicated that East Hill School was not on the state approved list, and was not approved because it could not meet the state standards for approval. Evidence introduced at this trial also indicated that East Hill did not meet the standards of the Virginia Department of Education and that East Hill had no desire to make the improvements necessary to meet state standards.

■ An aim of the EHA is the placement of handicapped children in educational institutions with specially trained personnel in an effort to educate these children to the best of their ability. State approval and licensing of schools and teachers helps to ensure this end.[1] Although federal and state laws mandate the right to a "free appropriate public education," certain guidelines must be established as parameters on "appropriateness." Certainly general education students have no right to attend private schools at the public expense. So too are there limitations with regard to handicapped students. Parents

of handicapped students may not, because of personal desires, select a private institution of their choice and have the school system pay for the tuition. While the desires of the parents may be well motivated in that they seek the best for their child, the placement decision must be made by the school system in accordance with approved standards.

I find that Jim was offered placement at Little Keswick, an approved and appropriate institution. The Schimmels rejected that offer and opted to enroll Jim at the East Hill School, an unapproved institution for which funding was not authorized or required. Accordingly, an Order will enter granting judgment for the defendants.

---

**1.** Apart from the issue of State approval, the Court does note that the record and testimony in the case indicates that East Hill has an intelligent and caring staff and that Jim has made some progress and improvement since his enrollment.