David KIRCHGESSNER, an infant who sues By and Through his mother and next friend, Maxine KIRCHGESSNER, Plaintiff,

v.

Dr. S. John DAVIS, Superintendent, of Public Instruction, State Department of Education, Bayse Wilson, Superintendent of Roanoke County Public Schools, Dr. Eddie Kolb, Director of Special Education, Roanoke County Public Schools, Defendants.

Civ. A. No. 85–786(R).

United States District Court, W.D. Virginia, Roanoke Division.

April 14, 1986.

Tonita M. Foster, Roanoke, Va., for plaintiff.

William Broaddus, Atty. Gen., State of Va., Richmond, Va., Dr. S. John Davis, Jean B. Arnold, Blacksburg, Va., Paul Mahoney, Roanoke Co. Atty., Roanoke, Va., for defendants.

## MEMORANDUM OPINION

TURK, Chief Judge.

Plaintiff David Kirchgessner filed this action against defendants Dr. S. John Davis, Superintendent of Public Instruction for the State Department of Education, Bayse Wilson, Superintendant of Roanoke County Public Schools, and Dr. Eddie Kolb, Director of Special Education for the Roanoke County Public Schools, alleging that the defendants failed to provide him with the free and appropriate education required by law. Currently before the court are some of the defendants' motions to dismiss.[1] For the reasons set forth below, the defendants' motions to dismiss shall be granted in part and denied in part.

### LIST OF AMICUS CURIAE IN KIRCHGESSNER

School Board of Frederick County, School Board of City of Galax, School Board of Goochland County, School Board of King William County, School Board of Mecklenberg County, School Board of Powhatan County, School Board of Prince

---

1. The court has held in abeyance additional motions of the defendants, pending resolution of the motion to dismiss the suit as time-barred.

George County, School Board of Prince William County, School Board of Stafford County, and School Board of City of Virginia Beach as *amicus curiae* on behalf of the defendants. Kathleen S. Mehfoud, Lacy & Mehfoud, P.C., Richmond, Virginia, on the brief.

Department for Rights of the Disabled of the Commonwealth of Virginia, Virginia Poverty Law Center, Inc., and the Youth Advocacy Clinic of the T.C. Williams School of Law as *amicus curiae* on behalf of the plaintiffs. Robert E. Shepard, Jr., Professor of Law, Kathe Klare and Frank M. Feibelman, on the brief.

## BACKGROUND

David Kirchgessner is a twelve year old boy who suffers from spina bifida and learning disabilities such as Attention Deficit Disorder and Mixed Developmental Delay. He is currently being educated at the Achievement Center, a private school for the learning disabled in the Roanoke, Virginia area. Prior to his enrollment at the Achievement Center in September 1984, David had been enrolled in the Roanoke County public schools since he began kindergarten in 1978. It is David's departure from the Roanoke County schools, and his reasons for leaving, that give rise to the instant suit.

During part of his tenure in the Roanoke County public school system, David was provided with special learning classes in math. David's parents, however, felt that evaluations of David demonstrated the need for a broader range of specialized classes, and were unhappy with what they view as the system's failure to provide David with the free and appropriate education to which he is entitled. By the end of the 1983–84 school year, the complaint alleges that David's academic and social problems were quite severe. Accordingly, when the Individualized Education Plan ("IEP") for David for 1984–85 was unsatisfactory to the Kirchgessners, the Kirchgessners withdrew David from the Roanoke County public schools and enrolled him at the Achievement Center.

On October 4, 1984, the Kirchgessners requested an Impartial Due Process Hearing to challenge the 1984–85 IEP drawn up for David. After four continuances agreed to by both parties, the Impartial Hearing Officer entered her decision on May 21, 1985, holding that the 1984–85 IEP offered to David by the Roanoke County public schools was an appropriate one. Such a determination precludes an award of tuition to parents seeking reimbursement of the costs of a private school education chosen following the rejection of a child's IEP.

On May 28, 1985, the Kirchgessners appealed the decision of the Impartial Hearing Officer to a State Reviewing Officer. On June 28, 1985, the Reviewing Officer entered his decision, affirming the opinion of the Impartial Hearing Officer, and finding independently that the 1984–85 IEP was appropriate and that the school system had met its obligation of offering a free and appropriate education. The Kirchgessners received notice, pursuant to 20 U.S.C. § 1415(b)(1)(D), of the procedures available under the Education for All Handicapped Children Act, 20 U.S.C. § 1400 *et seq.* ("EAHCA").

On September 12, 1985, seventy six days after entry of the Reviewing Officer's decision, Kirchgessner filed this action seeking declaratory and injunctive relief and reimbursement of costs incurred by private schooling. The complaint basically alleges that Kirchgessner has not been provided with a free and appropriate education, and seeks relief under EAHCA, 20 U.S.C. § 1400 *et seq.*, Section 506 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Civil Rights Act, 42 U.S.C. § 1983.

## ANALYSIS

The defendants present a multi-layered argument to dispose of Kirchgessner's claim. While the court agrees that Kirchgessner's Rehabilitation Act claim must be dismissed, the court does not believe Kirchgessner's EAHCA claim is time-barred. Accordingly, the defendants' motions to dismiss shall be granted in part and denied in part.

## A. THE REHABILITATION ACT CLAIM

■ The defendants contend that Kirchgessner has not stated a cause of action under the Rehabilitation Act. Defendants point to *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984) to support their assertion.

*Robinson* teaches that when "whatever remedy might be provided under [the Rehabilitation Act] is provided with more clarity and precision under the [EAHCA], a plaintiff may not circumvent or enlarge on the remedies available under [EAHCA] by resort to [the Rehabilitation Act]." *Robinson*, 468 U.S. at ——, 104 S.Ct. at 3474, 82 L.Ed.2d at 771. The court has examined Kirchgessner's complaint and believes it requests relief available under EAHCA. For this reason, plaintiff's Rehabilitation Act claim must be dismissed.

## B. KIRCHGESSNER'S EAHCA CLAIM IS NOT TIME-BARRED

Having disposed of Kirchgessner's Rehabilitation Act claim, defendants proceed to argue that plaintiff's EAHCA claim is time-barred. Defendants assert that a thirty day limitation period governs Kirchgessner's claim, and note that the claim was filed seventy six days after the Reviewing Officer's decision. Because the court believes, however, that the appropriate limitation period is one year for cases under the EAHCA, the defendants' motions to dismiss the EAHCA claim will be denied.

■ The EAHCA establishes a procedural scheme by which parents or guardians of handicapped children may appeal decisions relating to their child's public education. The statute is silent, however, as to the appropriate limitation period for such actions. When a federal statute creates a right but does not specify a period of limitation, federal courts generally determine which state cause of action is most analogous to the federally created cause of action. *See, e.g., Board of Regents v. Tomanio*, 446 U.S. 478, 482–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980). If the limitations period applicable to the analogous state cause of action is consistent with the underlying policy of the federal act, the court will borrow that limitation period and apply it to the federal cause of action. *Oneida County, N.Y. v. Oneida Indian Nation of New York State*, 470 U.S. 226, 105 S.Ct. 1245, 1255, 84 L.Ed.2d 169 (1985). If, however, the limitation period applicable to the analogous state cause of action is inconsistent with federal policy, the court will not borrow that limitation period. *Id.*

The most analogous state cause of action to a suit filed under the EAHCA would seem to be an appeal from a state agency to a state court. In Virginia, there are two proceedings that appear to be analogous to EAHCA suits. First, Va. Code § 22.1–87 permits a person aggrieved by a decision of a school board to appeal the board's action to a circuit court within thirty days of the decision. Second, Va. Code § 22.1–214(D) authorizes appeals from due process determinations in accordance with Va.Sup.Ct. Rules 2A:2 and 2A:4.

While the question is one of first impression in this district, a number of courts around the country have addressed the question of which period of limitation is appropriate for EAHCA actions. These courts have recognized that in determining which state statute of limitations to apply, a court must find not only that the state and federal causes of action are similar, but that the proceedings in each action are analogous as well. *See Tokarcik v. Forest Hills School District*, 665 F.2d 443 (3rd Cir.1981), *cert. denied* 458 U.S. 1121, 102 S.Ct. 3508, 73 L.Ed.2d 1383 (1982). Only if the proceedings are analogous have the courts moved to an additional consideration, consistency of the state limitation period with the policies underlying the federal statute. *See, e.g., Adler v. Education Department of State of N.Y.*, 760 F.2d 454 (2d Cir.1985). With this framework in mind, the court will in turn consider adoption of Va.Code § 22.1–81 and Va.Sup.Ct. Rules 2A:2 and 2A:4 as the statute of limitations for EACHA claims in federal courts in Virginia.

## 1. REFUSAL TO ADOPT VA.SUP.CT.RULES 2A:2 and 2A:4

■ As the analysis below demonstrates, the court believes that the proceeding governed by Va.Sup.Ct.Rules 2A:2 and 2A:4 are sufficiently analogous to an EAHCA claim to warrant adoption of the Rules' limitation period for EAHCA claims. The court further believes, however, that the policies underlying the EAHCA are inconsistent with the thirty day limitation period imposed by the Rules. Accordingly, the court declines the defendants' invitation to adopt the thirty day limitation period of the Rules for EAHCA claims.

To determine whether an appeal under a state administrative procedure act is sufficiently analogous to an EAHCA claim, the federal courts scrutinize the scope of judicial proceedings permitted under the state act and compare it to judicial review of EAHCA claims. The scope of federal court review of EAHCA claims is set forth in 20 U.S.C. § 1415(e)(2), as interpreted by the Supreme Court in *Board of Education v. Rowley*, 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). *Rowley* first confirmed that § 1415(e)(2) requires independent, preponderance of the evidence review of EAHCA claims. *Rowley*, 458 U.S. at 205, 102 S.Ct. at 3050. The Court then stated, however:

> [A] court's inquiry in suits brought under § 1415(e)(2) is twofold. First, has the state complied with the procedures set forth in the Act? And second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits? If these requirements are met, the state has complied with the obligations imposed by Congress and the courts can require no more.

*Rowley*, 458 U.S. at 206–07, 102 S.Ct. at 3050–51. Thus, it appears that *Rowley* may have slightly limited the scope of judicial review of EAHCA claims.

Where the scope of judicial proceedings under a state administrative procedure act is more restrictive than the scope of federal court proceedings under EAHCA, courts have not hesitated to refuse to adopt the state act's limitation period. *See, e.g., Tokarcik v. Forest Hills School District*, 665 F.2d 443 (3rd Cir.1981), *cert. denied* 458 U.S. 1121, 102 S.Ct. 3508, 73 L.Ed.2d 1383 (1982) and *Monahan v. Nebraska*, 491 F.Supp. 1074, 1083–85 (D.Neb.1980), *modified* 645 F.2d 592 (8th Cir.1981), *cert. denied* 460 U.S. 1012, 103 S.Ct. 1252, 75 L.Ed.2d 481 (1983). In Virginia, the scope of judicial proceedings for appeals from due process determinations is established in Va.Code § 22.1–214(D), which provides:

> Any party aggrieved by the findings and decision made pursuant to the procedures prescribed ... may bring a civil action in the circuit court for the jurisdiction in which the school division is located. In any such action the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines appropriate.[2]

The statute of limitations for these appeals is provided in Va.Sup.Ct.Rules 2A:2 and 2A:4. Rule 2A:2 provides that any party appealing from a case decision "shall file, within 30 days after ... entry of the final order in the case decision, ... a notice of appeal signed by him or his counsel." Rule 2A:4 provides further that a petition for appeal must be filed with the appropriate state court "within 30 days after the filing of the notice of appeal." Thus, the limitations period provided is 30 days.[3]

---

**2.** Under the explicit language of the Virginia Administrative Process Act, this provision supercedes § 9–6.14:17, the general section permitting judicial review of agency decisions. The act provides that "the purpose of ... [the act] is to supplement present and basic laws ... but this chapter does not supercede or repeal additional procedural requirements in such basic laws." Va.Code § 9–6.14:3.

**3.** Defendants have argued to the court that the Rules do not really impose a 30-day limitations period, contending that the period is actually 60 days. The court, however, is unconvinced. As

Comparison of the scope of judicial review under Virginia law and the scope of federal judicial review of EAHCA claims under *Rowley* demonstrates that the review available under Virginia law is in no way more restrictive than the review required by *Rowley*. In fact, the proceedings are highly analogous. For this reason, the court believes that it would be appropriate, based on consideration of this factor alone, to adopt the limitation period of the Va. Sup.Ct.Rules for EAHCA claims in federal court.

The cases make clear, however, that the court's inquiry cannot end here. Instead, the court must consider whether a thirty day limitation period is consistent with the policies underlying EAHCA. The court concludes that while appeals from due process hearings in Virginia are highly analogous to proceedings under EAHCA in federal court, a thirty day limitation period is inconsistent with the policies underlying the EAHCA.

In this regard, the court adopts the rationale of the well-reasoned decision in *Scokin v. State of Texas*, 723 F.2d 432 (5th Cir. 1984), in which the Fifth Circuit rejected a thirty day limitation period based on Texas law. *Scokin*, 723 F.2d at 437–38. The court also adopts the rationale of the Third Circuit in *Tokarcik* to the extent that court relied on the inconsistency of a thirty day limitation period with the EAHCA. *See Tokarcik*, 665 F.2d at 447–54. The court believes the *Tokarcik* and *Scokin* decisions correctly balanced the goals of EAHCA with the importance of speed in resolving EAHCA disputes, and that the matter needs no further explication here. *Compare Monahan*, 491 F.Supp. 1074, 1083–85 (rejecting a thirty day limitation period) and *Department of Education v. Carl D.*, 695 F.2d 1154 (9th Cir.1983) (adopting a thirty day limitation period despite recognizing some of the problems it would cause). Accordingly, the court will not

adopt the thirty day limitation period of the Va.Sup.Ct.Rules to govern EAHCA claims in federal court.

## 2. REFUSAL TO ADOPT VA.CODE § 22.1–87

█ Defendants next contend that the court should adopt the limitation period of Va.Code § 22.1–87. While the court concludes that judicial review under Va.Code § 22.1–87 is sufficiently analogous to an EAHCA action to warrant adopting the limitation period of § 22.1–87, the court is convinced that the thirty day limitation period of § 22.1–87 is inconsistent with the policies underlying the EAHCA. For this reason, the court will not adopt § 22.1–87 as the limitation period for EAHCA actions.

Va.Code § 22.1–87 provides:

Any parent, custodian or legal guardian of a pupil attending the public schools in a school division who is aggrieved by an action of the school board may, within thirty days after such action, petition the circuit court having jurisdiction ... to review the action of the school board. Such review shall proceed upon the petition, the minutes of the meeting at which the school board's action was taken, the orders, if any, of the school board, an attested copy of the transcript, if any, of the hearing before the school board, and any other evidence found relevant to the issues on appeal by the court. The action of the school board shall be sustained unless the school board exceeded its authority, acted arbitrarily or capriciously, or abused its discretion.

Stacking Va.Code § 22.1–87 against the procedures of judicial review of EAHCA claims set forth in *Rowley*, it is clear to the court that the procedures of § 22.1–87 are not as highly analogous to the *Rowley* procedures as those of § 22.1–214(D). Review under § 22.1–87 is, nonetheless, substantially similar to *Rowley* review. At least

defendants admit, "parties must decide whether to proceed to court within thirty days." State Defendants' Reply Brief at 8. Moreover, the defendants' assertion that parties will have sixty days to obtain counsel, etc., is incorrect. Instead, parties would have only thirty days following the filing of their notice of appeal to accomplish these tasks. Thus, the total time period could be as short as 31 days.

one court faced with deciding whether a state review provision was sufficiently similar to *Rowley* to warrant adopting a state limitation period concluded, in circumstances almost identical to those in this case, that the types of review were sufficiently similar to warrant adopting the applicable limitation period. *Adler v. Education Department of the State of New York,* 760 F.2d 454, 456–58 (2d Cir.1985) (adopting the four month limitation period of Article 78 proceedings under New York law).

For this reason, this court believes that the review contemplated under § 22.1–87 is sufficiently analogous to *Rowley* review to warrant adopting the limitation period of § 22.1–87 for EAHCA actions in federal court. As the court has stated above, however, this court is convinced that a thirty day limitation period is simply inconsistent with the federal policies underlying the EAHCA. For this reason, the court is unwilling to adopt the limitation period of § 22.1–87 for EAHCA actions in federal court.

### 3. ADOPTION OF VA.CODE § 8.01–248

█ In cases where courts have rejected the limitation period of state administrative appeals provisions, they have turned to state limitation periods for tort actions. *See, e.g., Scokin,* 723 F.2d at 438. In Virginia, the general statute of limitations is set forth in Va.Code § 8.01–248. The statute, which sets the limitation period for actions other than for personal injuries where no limitation is otherwise prescribed, requires that such actions "be brought within one year next after the right to bring the same shall have accrued." Following the lead of *Scokin* and the other courts, this court holds that the most appropriate limitation period for EAHCA claims is the one year period of Va.Code § 8.01–248.

### CONCLUSION

The defendants' motions to dismiss Kirchgessner's Rehabilitation Act claim are granted. The defendants' motions to dismiss the EAHCA claim for failure to com-

ply with the statute of limitations are denied.