819 F.2d 477
 39 Ed. Law Rep. 999
 John SCHIMMEL, a minor, by his parents and next friends John
& Betty SCHIMMEL and John Schimmel, Betty
Schimmel, Plaintiffs-Appellants,
v.
Robert SPILLANE, Supt. Fairfax Co. Public Schools; Fairfax
Co. Bd. of Education; John Davis, Supt. Va. Dept.
of Education, Defendants-Appellees,
The American Civil Liberties Union Foundation of Virginia,
Inc., Amicus Curiae.
John SCHIMMEL, a minor, by his parents and next friends John
& Betty SCHIMMEL and John Schimmel, Betty
Schimmel, Plaintiffs-Appellees,
v.
Robert SPILLANE, Supt. Fairfax Co. Public Schools; Fairfax
Co. Bd. of Education, Defendants-Appellants,
and
John Davis, Supt. Va. Dept. of Education, Defendant.
John SCHIMMEL, a minor, by his parents and next friends John
& Betty SCHIMMEL and John Schimmel, Betty
Schimmel, Plaintiffs-Appellees,
v.
John DAVIS, Supt. Va. Dept. of Education, Defendant-Appellant,
and
Robert Spillane, Supt. Fairfax Co. Public Schools; Fairfax
Co. Bd. of Education, Defendants.
 Nos. 86-3033, 86-3041 and 86-3044.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 5, 1987.
Decided May 27, 1987.
 
 Matthew Bogin (Beth Goodman, Bogin & Eig, Washington, D.C., on brief), for Schimmel.
 Grady Kimel Carlson (Thomas J. Cawley, Hunton & Williams, Fairfax, Va., on brief), for Spillane and the Fairfax County School Bd.
 Joan W. Murphy, Asst. Atty. Gen., Richmond, Va. (Phyllis Carole Katz, Asst. Atty. Gen., Richmond, Va., on brief), for Davis.
 Frank M. Feibelman, Kelley H. Brandt, Richmond, Va., on brief, for amicus curiae American Civil Liberties Union Foundation of Virginia, Inc. on behalf of plaintiffs-appellants John Schimmel, et al.
 Before WINTER, Chief Judge, ERVIN, Circuit Judge, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 ERVIN, Circuit Judge:
 
 
 1
 This case presents questions arising under the Education of the Handicapped Act, 20 U.S.C. Secs. 1400 et seq. (1982) (hereinafter the "EHA" or the "Act"). Plaintiff, a handicapped child who sues by his parents and next friends, appeals from the district court's judgment in favor of defendants Robert Spillane, Superintendent of the Fairfax County Public Schools; the Fairfax County Board of Education; and John Davis, Superintendent of the Virginia Department of Education (hereinafter collectively referred to as the "school system"). The school system cross-appeals the district court's denial of its motion to dismiss this suit as barred by the applicable statute of limitations. For the reasons stated below, we affirm the district court's denial of the motion to dismiss and its judgment in favor of the school system.
 
 I.
 
 2
 Plaintiff John Schimmel, Jr., ("Jim") is a fifteen-year-old boy with multiple handicaps, including learning disabilities, emotional disturbance, and seizure disorder. Jim and his parents, John and Betty Schimmel, moved to Fairfax County, Virginia in 1979. From that time until June 1984, Jim was enrolled at private day schools for learning disabled students. These schools were approved by the Virginia Department of Education as special education schools, and the school system paid the cost of Jim's education at them.
 
 
 3
 In 1984 it became apparent that Jim needed to be placed in a residential school. The Little Keswick School near Charlottesville, Virginia, offered to enroll Jim for the coming school year. Little Keswick is a private residential school which is approved by the Virginia Department of Education as a school for the handicapped. The school system agreed to pay the cost of Jim's education at Little Keswick for the 1984-85 school year.
 
 
 4
 Jim's parents declined to enroll him at Little Keswick. Instead, they wished to enroll Jim at the East Hill Farm and School in Andover, Vermont, and they requested that the school system pay the cost of Jim's education at East Hill. East Hill has never been approved by the Virginia Department of Education as a school for handicapped children. At the time the Schimmels sought to have the school system place Jim at East Hill and fund his education there, East Hill was not approved by the Vermont Department of Education as any type of school.[1] The school system declined to pay for Jim's education at East Hill, but the Schimmels nonetheless enrolled Jim at East Hill in the fall of 1984.
 
 
 5
 After the school system refused to place Jim at East Hill and fund his education there, the Schimmels sought review of the school system's decision in a state administrative due process hearing conducted pursuant to 20 U.S.C. Sec. 1415(b)(2). This hearing resulted in a decision adverse to the Schimmels, which they appealed to a state reviewing officer pursuant to 20 U.S.C. Sec. 1415(c). The state reviewing officer ruled that, contrary to the Schimmels' contentions, the school system was not required to place Jim at East Hill and fund his education there.
 
 
 6
 Nearly eight months after the decision of the state reviewing officer, the Schimmels filed suit against the school system in the district court pursuant to 20 U.S.C. Sec. 1415(e)(2). They alleged that the school system had denied Jim a free appropriate education in violation of the EHA. The Schimmels sought to require the school system to place Jim at East Hill and fund his education there. Additionally, they sought reimbursement of the costs they had already incurred pursuant to their unilateral decision to enroll Jim at East Hill.
 
 
 7
 The school system moved to dismiss the Schimmels' complaint on the ground that it was barred by the applicable statute of limitations. The district court denied this motion. After a trial on the merits, the district court entered judgment for the school system. Schimmel v. Spillane, 630 F.Supp. 159 (E.D.Va.1986).
 
 II.
 
 8
 We turn first to the statute of limitations issue raised in the school system's cross-appeal. For the reasons given below, we conclude that the Schimmels' complaint was not time-barred.
 
 
 9
 Under the EHA, if the parents of a handicapped child and the state agency responsible for providing education to the handicapped child disagree about the availability of an appropriate education for the child or the question of financial responsibility, the disagreement is to be resolved in state administrative due process hearings. 20 U.S.C. Sec. 1415(b)(2) and (c); 34 C.F.R. Sec. 300.403(b) (1986). Under 20 U.S.C. Sec. 1415(e)(2), a party aggrieved by a decision rendered in such a hearing may institute a civil action in a United States District Court or in a State court of competent jurisdiction. The EHA provides no statute of limitations applicable to the filing of such actions.
 
 
 10
 The school system argued below and on appeal that the limitations period of the Virginia Administrative Process Act ("APA"), Va.Sup.Ct.R. 2A:2 and 2A:4, should be applied to bar the Schimmels' suit. In actions brought under the Virginia APA, a party appealing from the decision of a state agency must file a notice of appeal with the agency within thirty days of the entry of a final order in the case. Va.Sup.Ct.R. 2A:2. Within thirty days after filing the notice of appeal, the party must file a petition for appeal with the clerk of the court to which the appeal is taken. Va.Sup.Ct.R. 2A:4. Thus, in actions to which the limitations period of the Virginia APA applies, a party aggrieved by a state agency decision must decide whether to pursue an appeal within thirty days after entry of the agency's decision, although the party has a period of sixty days within which to file suit.
 
 
 11
 If the limitations period of the Virginia APA were applied in this case, the Schimmels' suit would be barred, because it was filed approximately eight months after termination of the state administrative due process proceedings instituted by the Schimmels pursuant to 20 U.S.C. Sec. 1415(b)(2) and (c). The district court, however, applied the one-year statute of limitations set forth in Va.Code Sec. 8.01-248 (1984), and ruled that the Schimmels' suit was not time-barred. This one-year statute of limitations applies to all personal actions for which no limitations period is otherwise prescribed. Id.
 
 
 12
 We note preliminarily that a number of other circuits have considered the proper statute of limitations to be applied in suits such as this one, which are brought in federal court pursuant to 20 U.S.C. Sec. 1415(e)(2). Often, as in this case, federal courts must decide whether to apply a very short limitations period applicable to appeals from state agency rulings, and results in these cases have not been consistent. Compare Janzen v. Knox County Board of Education, 790 F.2d 484 (6th Cir.1986) (rejecting sixty-day statute of limitations for appeals from state administrative agency rulings and applying three-year statute of limitations); Scokin v. Texas, 723 F.2d 432 (5th Cir.1984) (rejecting thirty-day statute of limitations for appeals from state agencies to state courts and applying two-year statute of limitations for tort claims); and Tokarcik v. Forest Hills School District, 665 F.2d 443 (3d Cir.1981) (rejecting thirty-day statute of limitations and applying two-year statute of limitations), cert. denied, 458 U.S. 1121, 102 S.Ct. 3508, 73 L.Ed.2d 1383 (1982) with Adler v. Education Department, 760 F.2d 454 (2d Cir.1985) (applying four-month limitations period for appeals from state administrative agency decisions) and Department of Education v. Carl D., 695 F.2d 1154 (9th Cir.1983) (applying thirty-day limitations period of Hawaii Administrative Procedures Act). Within this circuit, there is a similar split of authority. Compare Kirchqessner v. Davis, 632 F.Supp. 616 (W.D.Va.1986) (rejecting Virginia's thirty-day statute of limitations for appeals from state agency decisions and applying Virginia's catchall limitations period of one year) with Thomas v. Staats, 633 F.Supp. 797 (S.D.W.Va.1985) (applying four-month statute of limitations for West Virginia's writ of certiorari).
 
 
 13
 In determining the proper statute of limitations to be applied in this case, we recognize that we must choose the limitations period for the state cause of action most analogous to the federal cause of action asserted by the Schimmels, so long as that limitations period does not conflict with underlying federal policies. As the Supreme Court has stated, when a federal statute, such as 20 U.S.C. Sec. 1415(e)(2), creates a right of action, but federal law provides no controlling statute of limitations, "the general rule is that a state limitations period for an analogous cause of action is borrowed and applied to the federal claim, provided that the application of the state statute would not be inconsistent with underlying federal policies." County of Oneida v. Oneida Indian Nation, 470 U.S. 226, 240, 105 S.Ct. 1245, 1255, 84 L.Ed.2d 169 (1985). Applying this rule to the instant case, we must determine (1) whether Virginia law provides for a cause of action that is analogous to the cause of action created by 20 U.S.C. Sec. 1415(e)(2); and (2) if so, whether application of the statute of limitations for such a state law claim would be inconsistent with the federal policies underlying the EHA.
 
 
 14
 Like the EHA, Virginia law provides for administrative due process hearings to resolve disputes between school systems and parents of handicapped children concerning program placements and tuition eligibility. Va.Code Sec. 22.1-214(B) and (C) (1985). The Virginia statute also provides that "[a]ny party aggrieved by the findings and decision made pursuant to the [due process] procedures ... may bring a civil action in the [appropriate] circuit court...." Id. Sec. 22.1-214(D). Thus, both the EHA, in 20 U.S.C. Sec. 1415(e)(2), and the Virginia statute, in Sec. 22.1-214(D), confer the right to bring a civil action on persons who are aggrieved by the results of administrative due process hearings. When such a civil action is brought in a Virginia state court, the limitations period of the Virginia Administrative Process Act presumably applies.[2]
 
 
 15
 In determining whether a state-created cause of action is sufficiently analogous to the cause of action created by the EHA to justify application of the state limitations period, courts compare the scope of judicial review permitted under state law to the scope of judicial review provided in the EHA. See, e.g., Adler, 760 F.2d at 457-59; Carl D., 695 F.2d at 1157. When the scope of review provided under state law is narrower than the scope of review provided in the EHA, some courts have concluded that the state cause of action is not sufficiently analogous to the cause of action created by the EHA to permit application of the state statute of limitations. See, e.g., Tokarcik, 665 F.2d at 450-51; Monahan v. Nebraska, 491 F.Supp. 1074, 1084-85 (D.Neb.1980), modified on other grounds, 645 F.2d 592 (8th Cir.1981), cert. denied, 460 U.S. 1012, 103 S.Ct. 1252, 75 L.Ed.2d 481 (1983).
 
 
 16
 In this case, the scope of judicial review that Virginia provides when parties bring civil actions in Virginia state court under Va.Code Sec. 22.1-214(D) is at least as broad as the scope of review set forth in the EHA. The Virginia statute provides that in any action brought by a person aggrieved by the decision in a due process hearing, "the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines appropriate." Va.Code Sec. 22.1-214(D). This standard of review is identical to the standard of review set forth in the EHA. See 20 U.S.C. Sec. 1415(e)(2). Thus, we conclude, under the first prong of the two-part test stated in Oneida Indian Nation, that Virginia's cause of action under Va.Code Sec. 22.1214(D) is sufficiently analogous to the cause of action created by the EHA to justify application of the limitations period specified in Va.Sup.Ct.R. 2A:2 and 2A:4.
 
 
 17
 In our view, however, the district court was correct in refusing to apply this statute of limitations to bar the Schimmels' suit, because application of this very short limitations period would conflict with the federal policies underlying the EHA. Our most serious concern in this regard arises from the fact that many parents of handicapped children may not be represented by counsel in the administrative due process hearings that precede suit under the EHA.[3] If parents are not represented by counsel at the due process hearings, then they may be unaware of and unfairly penalized by a very short limitations period for filing suit in a district court. Presumably, application of the statute of limitations under the Virginia Administrative Process Act would require previously unrepresented parents to obtain counsel and decide whether to file suit within thirty days of an adverse decision rendered in a due process hearing.[4] We think that requiring unrepresented parties to act in such haste would be unduly harsh, and would undermine the federal policy of permitting review of decisions reached in administrative due process hearings in the federal courts.
 
 
 18
 Our concern about imposing a very short statute of limitations upon parties who are not represented by counsel at administrative due process hearings is magnified by the fact that such parties may never be advised of the applicable limitations period. The EHA imposes on educational agencies a duty to inform parents or guardians of all procedural safeguards available to them under the EHA. 20 U.S.C. Sec. 1415(b)(1)(D). At least one court has extrapolated from this provision a requirement that educational agencies inform parents of the applicable limitations period for judicial review. See Scokin, 723 F.2d at 438. However, it is not clear to us from our reading of the statute that the EHA actually imposes such a duty on educational agencies. Indeed, in this case, the school system has argued that it had no duty to inform the Schimmels of the statute of limitations for filing suit. Moreover, we note that even though the court in Scokin believed that educational agencies are required to inform parents of the limitations period for judicial review, that court decided that "[r]ather than relying on equitable principles to relieve uninformed parents ... we will simply apply a longer statute of limitations." Scokin, 723 F.2d at 438; cf. Carl D., 695 F.2d at 1158 ("[E]quitable considerations might militate against the rigid enforcement of a thirty-day limitation period in cases where unrepresented parents or guardians are unaware of the availability of review of an adverse decision.").
 
 
 19
 In addition to our concern that unrepresented parties not be unfairly penalized by a very short limitations period for filing suit, we note that other courts have identified other policies underlying the EHA that could be frustrated by application of a short statute of limitations. See, e.g., Janzen, 790 F.2d at 487-88 (application of sixty-day limitations period would effectively restrict independent review Congress intended courts to have; would inhibit collection of evidence necessary to orderly review; and would undermine EHA's policy of encouraging parents to participate in decisions affecting placement of handicapped children); Scokin, 723 F.2d at 437 (thirty-day statute of limitations would frustrate EHA's goal of encouraging parental involvement and could result in inappropriate placement of handicapped children, contrary to policies of EHA); Tokarcik, 665 F.2d at 451-53 (thirty-day limitations period would frustrate "statutory policy of cooperative parental and school involvement in placement determinations"; could lead to inappropriate placement decisions; and would limit the independent review courts are intended to exercise under the EHA). These additional concerns bolster our conclusion that application of the very short limitations period of the Virginia Administrative Process Act would be inappropriate in this case.
 
 
 20
 The school system argues that application of the statute of limitations specified in Va.Sup.Ct.R. 2A:2 and 2A:4 would actually advance the federal policies underlying the EHA, in that it would ensure speedy resolution of disputes concerning appropriate education for handicapped children. Undoubtedly, one important policy of the EHA is to encourage the prompt resolution of disagreements about the education of handicapped children so that such children will not be harmed by long delays before being placed in appropriate educational settings. See 121 Cong.Rec. 37416 (1975) (remarks of Senator Williams). We are unwilling, however, to say that this interest in prompt resolution takes precedence over the other federal policies we have identified that could be undermined by application of a very short limitations period. In our view, the need for speedy resolution of disputes does not outweigh the risk that a very short statute of limitations may deny parties a fair opportunity to obtain judicial review of adverse decisions rendered in administrative due process proceedings. Furthermore, we believe that the natural desire of parents to secure an appropriate education for their children will motivate parents to seek such judicial review promptly. Other courts have agreed. See, e.g., Janzen, 790 F.2d at 488; Scokin, 723 F.2d at 437.
 
 
 21
 In our opinion, the one-year statute of limitations applied by the district court in this case strikes an appropriate balance between the need for speedy resolution of disputes and the need to ensure that parties have a fair opportunity to obtain judicial review of administrative due process proceedings. Accordingly, we hold that the district court acted properly in applying this limitations period, and we affirm the district court's denial of the school system's motion to dismiss the Schimmels' complaint as time-barred.
 
 III.
 
 22
 We next consider whether the district court correctly determined that the EHA did not require the school system to place Jim Schimmel at East Hill and fund his education there. We conclude that the school system had no such obligation, and, therefore, we affirm the district court's judgment in favor of the school system. Because we affirm on this basis, we need not address the Schimmels' claims concerning procedural violations in the proceedings below.
 
 
 23
 Under the EHA, a state is eligible for federal funding if it has a policy to ensure all handicapped children the right to a free appropriate public education and a plan to effect this policy that meets federal requirements. 20 U.S.C. Secs. 1412, 1413. The term "free appropriate public education" is defined in relevant part as "special education and related services which (A) have been provided at public expense ... [and] (B) meet the standards of the State educational agency...." Id. Sec. 1401(18).
 
 
 24
 The EHA also provides for the education of handicapped children at private schools. In order to be eligible for federal funding under the EHA, states must adopt plans that set forth policies and procedures to ensure that
 
 
 25
 (i) handicapped children in private schools and facilities will be provided special education and related services ... at no cost to their parents or guardian, if such children are placed in or referred to such schools or facilities by the State or appropriate local educational agency ... and (ii) in all such instances the State educational agency shall determine whether such schools and facilities meet standards that apply to State and local educational agencies and that children so served have all the rights they would have if served by such agencies....
 
 
 26
 Id. Sec. 1413(a)(4)(B). The regulations promulgated under the EHA require State educational agencies to provide each handicapped child who is placed in or referred to a private school by a public agency with a free education "[a]t a school or facility which meets the standards that apply to State and local educational agencies...." 34 C.F.R. Sec. 300.401(a)(3) (1986).
 
 
 27
 The EHA, then, expressly incorporates State educational standards. When a handicapped child is educated at a private school under the EHA, the State has an obligation to ensure that the school meets applicable State educational standards.
 
 
 28
 The Commonwealth of Virginia has developed a plan to provide free appropriate education to handicapped children in accordance with the provisions of the EHA. The plan is codified at Va.Code Secs. 22.1-213 to -221 (1985). Section 22.1-215 requires "[e]ach school division [to] provide free and appropriate education ... for the handicapped children residing within its jurisdiction in accordance with regulations of the Board of Education." A school system may meet its obligation to provide free appropriate education to handicapped children "under contract with ... any ... private nonsectarian school, agency or institution approved by the Board of Education." Id. Sec. 22.1-216. The statute further provides:
 
 
 29
 If a school division is unable to provide a free appropriate public education to a handicapped child and it is not appropriately available in a state facility, it shall offer to place the child in a nonsectarian private school for the handicapped approved by the Board of Education or such other licensing agency as may be designated by state law. The school board of such division shall pay to, or on behalf of, the parent or guardian of such child the reasonable tuition cost and other reasonable charges as may be determined by the Board of Education.
 
 
 30
 Id. Sec. 22.1-218(A).
 
 
 31
 As previously noted, the East Hill Farm and School in Andover, Vermont, has never been approved by the Virginia Board of Education as a school for handicapped children, or as any type of school. Yet the Virginia statute makes clear that a school system can provide free appropriate education to handicapped children in private schools only when those schools are approved by the Virginia Board of Education or some other designated licensing agency. The statute simply does not permit school systems to place and fund handicapped children in unapproved private schools.
 
 
 32
 The Virginia statute's requirement of Board approval for private schools educating handicapped students is a State educational standard that has been incorporated into the EHA. See 20 U.S.C. Sec. 1413(a)(4)(B); 34 C.F.R. Sec. 300.401(a)(3). Thus, school systems in Virginia could not place and fund handicapped children in unapproved private schools without violating the EHA's requirement that handicapped children be educated at public expense only in those private schools that meet State educational standards. Because unapproved private schools do not meet the State educational standards adopted by the Commonwealth of Virginia, the EHA does not require Virginia school systems to place and fund handicapped children in unapproved private schools.
 
 
 33
 In this case, the district court correctly determined that the school system was not required to place Jim Schimmel at East Hill and fund his education there, because East Hill is a private school that has never been approved by the Virginia Board of Education. Additionally, the school system had no obligation to reimburse the Schimmels for the costs they had incurred pursuant to their unilateral decision to enroll Jim at East Hill. Accordingly, the district court correctly entered judgment for the school system on the Schimmels' claims, and, for the reasons stated in this opinion, that judgment is affirmed.
 
 
 34
 AFFIRMED.
 
 
 
 [1]
 East Hill was later approved by the Vermont Department of Education as a general school, but it has never been approved as a special school for the education of handicapped children
 
 
 [2]
 The Virginia Administrative Process Act provides that any "party aggrieved by and claiming unlawfulness of a case decision ... shall have a right to the direct review thereof by an appropriate and timely court action against the agency as such or its officers or agents in the manner provided by the rules of the Supreme Court of Virginia." Va.Code Sec. 9-6.14:16 (Supp.1986). The Act defines "case decision" in relevant part as "any agency proceeding or determination that, under laws or regulations at the time, a named party as a matter of past or present fact, or of threatened or contemplated private action, either is, is not, or may or may not be (i) in violation of such law or regulation...." Va.Code Sec. 9-6.14:4(D) (1985). As noted previously, the limitations periods for actions brought under the Virginia APA are set forth at Va.Sup.Ct.R. 2A:2 and 2A:4
 
 
 [3]
 We note that the Schimmels were represented by counsel at all stages of their administrative due process hearings. The EHA provides that parties to such hearings have "the right to be accompanied and advised by counsel...." 20 U.S.C. Sec. 1415(d)(1)
 
 
 [4]
 The school system argues that application of the two-tiered limitations period set forth in Va.Sup.Ct.R. 2A:2 and 2A:4 would give parties a period of 60 days within which to file suit following an adverse decision rendered in a due process hearing. We note that at least one district court has specifically considered this argument and rejected it. See Kirchgessner, 632 F.Supp. at 620 & n. 3. In any event, we are not convinced that application of a 60-day limitations period would so far ameliorate the problems of unrepresented parties as to obviate the concerns expressed in this opinion