Mauricio and Dina SCOKIN, Individually and as Next Friend of Davina Scokin, A Minor, Plaintiffs-Appellants,

v.

The STATE OF TEXAS, et al., Defendants-Appellees.

No. 82–1600.

United States Court of Appeals, Fifth Circuit.

Jan. 27, 1984.

James Todd, Austin, Tex., for plaintiffs-appellants.

Conde Thompson Cox, Asst. Atty. Gen., Austin, Tex., for State.

Henry Akin, Catherine A. Akin, Dallas, Tex., for Richardson Independent School Dist. et al.

Before BROWN, THORNBERRY and TATE, Circuit Judges.

THORNBERRY, Circuit Judge:

Plaintiffs Mauricio and Dina Scokin, on behalf of their developmentally disabled daughter Davina, filed this suit seeking monetary and injunctive relief related to their unilateral decision to withdraw Davina from the Richardson Independent School District and place her at the Institute of Logopedics, a private residential institution. The action was brought under the Education of All Handicapped Children Act, 20 U.S.C. §§ 1401–1461 (EAHCA), section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the due process clause of the fourteenth amendment. Defendants are Richardson Independent School District (RISD), the State of Texas, the Texas Education Agency, the State Board of Education, the Cooperative Behavioral Center and various school officials.

In district court, the Scokins argued that defendants were not providing Davina with a free appropriate education as required by the EAHCA, and that the appropriate placement for Davina was at a residential facility. They requested the court to order RISD to finance Davina's education at the Institute of Logopedics, and to reimburse them for past expenses incurred in Davina's private placement with the Institute. The district court held: (1) plaintiff's claim for monetary and injunctive relief under the EAHCA was barred by limitations; (2) by unilaterally withdrawing Davina from RISD, plaintiffs forfeited all rights to recover tuition for the private residential facility; (3) defendants have in the past, and can currently provide Davina with a free appropriate education; and (4) there is no evidence to support plaintiffs' claims that their rights under the Rehabilitation Act or

the due process clause of the fourteenth amendment were denied.

At oral argument before this court, plaintiffs stated that Davina is no longer at the Institute of Logopedics and there was no need to address the issue of injunctive relief. They now seek only reimbursement of costs incurred during Davina's stay at that facility.

The issues addressed in this opinion are whether the district court applied the appropriate statute of limitations and whether plaintiffs are precluded by law from recovering costs incurred as a result of their unilateral action. We affirm the district court's holding that plaintiffs are not entitled to reimbursement in this case. We also hold that the 30-day statute of limitations applied by the district court is inconsistent with the goals and policies of the EAHCA.

### I. Background

Davina Scokin, now fifteen years old, has been diagnosed as having a serious speech disorder with an overlay of emotional problems. From 1973 to 1976, Davina was enrolled at the Children's Development Center in Dallas, Texas, at the recommendation and expense of RISD. In August 1976, at the recommendation of the Central Admissions, Review and Dismissal Committee of RISD, Davina was placed at the Cooperative Behavioral Center (CBC). The CBC serves RISD students with the primary handicapping condition of emotional disturbance or autism. The facility emphasizes behavioral training and operates six hours a day for nine months, with one additional month of summer school.

At the CBC, Davina was classified as having a primary handicapping condition of emotional disturbance, and was assigned to a class with other emotionally disturbed children. During the 1976–77 school year, Davina made some progress. At the beginning of the next school year (1977–78), however, Davina regressed significantly. The

district court found several reasons for this regression: (1) the summer vacation; (2) her older brother leaving for college; (3) the cognitive levels of her fellow students; and (4) a temporary lack of qualified teacher aides. Despite this initial regression, the district court found that during the 1977–78 school year Davina benefitted from the instruction and facilities at the CBC.

In the middle of the 1977–78 school year, Davina's parents requested that RISD place Davina at the Institute of Logopedics in Wichita, Kansas. They pursued this request through administrative channels for one year, until the State Board of Education denied the Scokins' request in January 1979. In June 1978, when the Scokins were halfway through their administrative appeals, they unilaterally withdrew Davina from the CBC and placed her at the Institute of Logopedics. Nine months after the State Board of Education decision, the Scokins filed this suit in federal district court.

### II. Statute of Limitations

■ The EAHCA establishes a procedural scheme by which parents or guardians of handicapped children may appeal decisions relating to their child's public education.[1] After the last administrative appeal before the state educational agency, a parent or guardian may appeal to a state or federal district court. 20 U.S.C. § 1415(e)(2) provides in relevant part:

> [a]ny party aggrieved by the findings and decision made [by the state educational agency] shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy. In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the re-

---

1. The purpose and general provisions of the EAHCA have been discussed in previous opinions. See, e.g., Marvin H. v. Austin Independent School District, 714 F.2d 1348, 1352 (5th Cir.1983); Stacey G. v. Pasadena Independent School District, 695 F.2d 949, 942, 952 (5th Cir.1983); Tatro v. State of Texas, 625 F.2d 557, 558–63 (5th Cir.1980) (Tatro I).

quest of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

The statute is silent as to the appropriate limitations period for such actions. When a federal statute creates a right but does not specify a period of limitations, federal courts generally determine which state cause of action is most analogous to the federally created cause of action. If the limitations period applicable to the analogous state cause of action is consistent with the underlying policy of the federal act, the court will borrow that limitations period and apply it to the federal cause of action. *Occidental Life Insurance Company of California v. E.E.O.C.,* 432 U.S. 355, 97 S.Ct. 2447, 2455, 53 L.Ed.2d 402 (1977).

■ The most analogous state cause of action to a suit filed under the EAHCA would seem to be an appeal from a state agency to a state court. In Texas, such appeals are governed generally by a thirty-day statute of limitations. TEX.REV.CIV. STAT.ANN. art. 6252–13a (Vernon Supp. 1982–1983) (Administrative Procedure and Texas Register Act). The district court in the present case applied this statute and held that the Scokins' claims, filed nine months after the State Board of Education decision, were barred.[2] On appeal, plaintiffs argue that this thirty-day period is not the appropriate limitations period to apply to actions brought under the EAHCA. We agree.

Other circuit courts have addressed the question of which period of limitations is appropriate for EAHCA actions and have arrived at varying conclusions. In *Monahan v. Nebraska,* 491 F.Supp. 1074, 1083–85 (D.Neb.1980), *modified,* 645 F.2d 592 (8th Cir.1981), *cert. denied,* —— U.S. ——, 103 S.Ct. 1252, 75 L.Ed.2d 481 (1983), the court rejected the Nebraska thirty-day statute governing administrative appeals. That court noted that in determining which state

statute of limitations should apply to a federal claim, a court must find not only that the state and federal causes of action are similar, but that the proceedings in each action are analogous as well. Under the EAHCA, the court bases its decision on a preponderance of the evidence. Plaintiffs can request consideration of additional evidence, and the court can grant any appropriate relief. 20 U.S.C. § 1415(e)(2). The Nebraska thirty-day statute of limitations at issue in *Monahan* applies to a more limited proceeding. Under that statute, judicial review is limited to a determination of "whether the agency decision is based on substantial evidence or is arbitrary and capricious." 491 F.Supp. at 1084. Parties are not entitled to a trial de novo of factual issues. For that reason, the court in *Monahan* held that the Nebraska thirty-day administrative appeal statute of limitations was not sufficiently analogous to an action brought under the EAHCA.

The same issue was addressed by the Third Circuit in *Tokarcik v. Forest Hills School District,* 665 F.2d 443 (3rd Cir.1981), *cert. denied,* 458 U.S. 1121, 102 S.Ct. 3508, 73 L.Ed.2d 1383 (1982). The appellants in that case suggested several Pennsylvania statutes of thirty days or less as appropriate analogies. Some of those statutes, unlike the Nebraska statute, provide for de novo review and "therefore approach the extent of judicial review contemplated in 20 U.S.C. § 1415." *Tokarcik,* 665 F.2d at 450 n. 11. The court, however, added that there were significant distinctions between a state appeal and an EAHCA action. One difference is that parties appealing under the Pennsylvania statute do not switch to a federal system after having dealt with a state system. The court also noted that the issues and evidence involved in a state agency appeal may be much less complex than an EAHCA action. 665 F.2d at 450–51 n. 11.

2. The district court was following the unpublished decision of *Carter v. Dallas I.S.D.,* CA3–81–0197–G (May 19, 1981 N.D.Tex.). That case held that the most analogous statute of limitations is Texas' 30 day statute. TEX.REV.

CIV.STAT.ANN. art. 6252–13a. Although the district court's opinion in *Carter* is an excellent analysis of the issue, we reject its holding for the reasons stated in this opinion.

The court in *Tokarcik* also found that a thirty-day limitations period was inconsistent with the underlying policies of the EAHCA. The court noted that by creating an independent court review of educational placement decisions, Congress intended to provide an external check to guard against administrative deficiencies. "A limited appeals period which functions to restrict the range of evidence and issues that reviewing courts could consider would effectively dilute the independent position of the district courts envisioned by Congress." *Id.* at 451. The court stated that one of the goals of the EAHCA is to prevent inappropriate placements of handicapped children due to faulty assessments of a child's needs. Forcing parents to decide whether to appeal their complaint within thirty days of the state agency's determination would be inconsistent with that goal. In addition, the Act encourages parents' participation in the decision making procedures. Lay persons are particularly subject to being penalized unfairly by a short limitations period in this context. *Id.* at 452. The court found Pennsylvania's two-year statute, which applies to tort and medical malpractice suits, to be the appropriate statute of limitations for EAHCA actions.

We agree with the court in *Tokarcik* that a thirty-day limitations period is inconsistent with the policies underlying the EAHCA. We therefore hold that the Texas thirty-day statute is not the appropriate analogue for EAHCA appeals. *See Occidental Life Insurance Company of California v. E.E.O.C.,* 432 U.S. 355, 97 S.Ct. 2447, 2455, 53 L.Ed.2d 402 (1977); *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). A short limitations period is contrary to the Act's goal of parental involvement. Thirty days is not enough time for parents to determine whether to pursue judicial review of their complaint. A decision to jump from an administrative process to federal court may involve obtaining or changing counsel.[3] Parents may want to conduct further test-

ing of their child to better evaluate the agency's decision. While such testing will probably be conducted before and during the administrative hearings, a child's needs may change during the process, and parents may want an updated evaluation before deciding whether to go to court. In addition, because a child's welfare is an emotional issue, parents may need time to reflect before choosing a course of action. Other factors that illustrate the inappropriateness of a short limitations period are described in *Tokarcik,* 665 F.2d at 447–54.

We are aware of the importance of pursuing EAHCA claims as quickly as possible, but it is not necessary to cut off those claims in thirty days to ensure prompt appeals. The scheme devised by the EAHCA uses parental concern as an enforcement mechanism for the Act's provisions. It relies on parents to question the appropriateness of their child's education program, and to pursue review of that program through administrative and judicial channels. The same concern that motivates parents to act at all will motivate parents to act quickly. Because the Act generally authorizes prospective relief only, parents are not likely to postpone seeking such relief for their child. *See Board of Education v. Rowley,* 458 U.S. 176, 102 S.Ct. 3034, 3052, 73 L.Ed.2d 690 (1982) ("parents and guardians will not lack ardor in seeking to ensure that handicapped children receive all of the benefits to which they are entitled by the Act"); *Tokarcik,* 665 F.2d at 453 ("Few would doubt that most parents desire a prompt resolution of their child's educational placement.").

The decision in *Monahan,* and to a lesser extent the decision in *Tokarcik,* rejected a thirty-day statute of limitations by relying in part on procedural differences between state agency appeals and EAHCA actions. In rejecting the Texas thirty-day statute as the appropriate analogue, we do not rely on procedural differences to distinguish an EAHCA action from the appeals governed

---

3. The EAHCA gives parents and guardians the right to be accompanied and advised by counsel at the hearings conducted to allow parents to present complaints relating to their child's education. 20 U.S.C. § 1415(d)(1).

by art. 6252–13a.[4] Instead, we base our holding on our belief that a thirty-day limitation period is inconsistent with the purposes of the EAHCA.

We realize this holding conflicts with the Ninth Circuit's decision in *Department of Education v. Carl D.,* 695 F.2d 1154 (9th Cir.1983). The court in *Carl D.* applied Hawaii's thirty-day administrative appeals statute of limitations to an EAHCA action. It distinguished its holding from the *Monahan* decision by pointing out that the Nebraska administrative appeals statute does not provide for trial de novo, and the Hawaii statute, like the Texas statute in the present case, does allow for trial de novo where authorized by another statute.

The court in *Carl D.* recognized that a short limitations period could cause problems.

> We are also mindful, however, that equitable considerations might militate against the rigid enforcement of a thirty-day limitation period in cases where unrepresented parents or guardians are unaware of the availability of review of an adverse decision. The federal statute requires that the state fully inform parents and guardians of the procedural avenues open to them when it acts or refuses to act with regard to educational treatment. 20 U.S.C. § 1415(b)(1)(D); *Ruth Anne M. v. Alvin Independent School District,* 532 F.Supp. 460, 463 (S.D.Tex.1982).

695 F.2d at 1158.

We agree that the EAHCA's requirement that educational agencies inform parents of all available procedures includes a duty to inform parents of the limitations period for judicial review. Rather than relying on equitable principles to relieve uninformed parents, however, we will simply apply a longer statute of limitations.

■ Following the Third Circuit's decision in *Tokarcik,* we hold that the most appropriate state limitations period for EAHCA actions in Texas is the two-year period generally applicable to tort claims. TEX.REV.CIV.STAT.ANN. art. 5526 (Vernon Supp.1982–83). This statute is frequently borrowed in federal civil rights cases and has been applied by at least one district court in an EAHCA action. *See Ruth Anne M. v. Alvin Independent School District,* 532 F.Supp. 460, 464 (S.D.Tex. 1982).

III. *No Reimbursement for Unilateral Action*

RISD refused the Scokins' request to place Davina at the Institute of Logopedics. While appealing the school district's decision, the Scokins removed Davina from RISD and placed her at the Institute of Logopedics. The district court found that the Scokins forfeited any right of reimbursement for tuition by acting unilaterally, citing *Stemple v. Board of Education,* 623 F.2d 893 (4th Cir.1980).

■ The EAHCA requires that a child be maintained in its current educational placement during the pendency of appeals. 20 U.S.C. § 1415(e)(3). The Fifth Circuit has clearly held that when a parent unilaterally removes a child from public school and places the child in a private facility while appealing a decision, the EAHCA does not require the school district to reimburse parents for tuition paid to the private facility. *Marvin H. v. Austin Independent School District,* 714 F.2d 1348 (5th Cir.1983). Al-

---

**4.** Unlike the limited review provided by the Nebraska statute that was rejected in *Monahan,* the Texas statute allows trial de novo review where such review is provided by law. Art. 6252–13a provides in relevant part:

> Sec. 19. (a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this Act.

> (b) Proceedings for review are instituted by filing a petition within 30 days after the decision complained of is final and appealable.

> (c) If the manner of review authorized by law for the decision complained of is by trial de novo, the reviewing court shall try all issues of fact and law in the manner applicable to other civil suits in this state

TEX.REV.CIV.STAT.ANN. art. 6252–13a § 19 (Vernon Supp.1982–1983).

though § 1415(e)(2) gives the court power to grant any appropriate relief in EAHCA appeals, parents are not allowed to recover costs incurred by actions in violation of § 1415(e)(3).

The Scokins agree that the general rule is that parents should not be reimbursed for taking unilateral action, but they argue that the rule does not apply in cases involving exceptional circumstances. They rely on *Anderson v. Thompson,* 658 F.2d 1205 (7th Cir.1981), which described in dictum two possible exceptional circumstances that could result in reimbursement. The court stated that Congress would not have expected parents to maintain a child in its current placement if (1) the child's physical health would be endangered, or (2) the defendant acted in bad faith by failing to follow the Act's procedural requirements in an egregious fashion. *Id.* at 1213–14.[5]

█ The Scokins argue that their situation presents another exceptional circumstance: Davina would have continued to regress had she remained in her placement at the CBC. We do not think that Davina's period of regression amounts to the type of "exceptional circumstances" that could justify a departure from the clear rule set forth in *Marvin H.*[6] Although the district court found that Davina regressed at the beginning of the 1977–78 school year, it found that overall she benefitted from the program at the CBC. The fact that an emotionally disturbed child experiences re-

gression at one point, although regrettable, is neither surprising nor exceptional.

█ The EAHCA gives parents leverage in a school's administrative system by allowing them to participate in the development of an educational program for their handicapped child. *Board of Education v. Rowley,* 458 U.S. 176, 102 S.Ct. 3034, 3052, 73 L.Ed.2d 690 (1982). This leverage was surely intended to encourage cooperative rather than unilateral action. To reimburse parents who act unilaterally before working through the Act's system of appeals would cut against the scheme envisioned by Congress.

We affirm the district court's holding that the Scokins are precluded from reimbursement of costs incurred by their unilateral actions. We therefore need not reach the issue of whether, or to what extent, this circuit will follow the dictum in *Anderson v. Thompson* by allowing reimbursement in exceptional circumstances.

## IV. *Effective Date of EAHCA Requirements*

Another issue raised in this case is whether RISD was subject to the provisions of the EAHCA during the 1977–78 school year. Defendants point out that the EAHCA and its regulations were not implemented in the State of Texas until the summer of 1978.

---

**5.** The Ninth Circuit recently recognized another exceptional circumstance in *Department of Education v. Katherine D.,* 727 F.2d 809, 812 (9th Cir.1983). In that case the court found that the Department of Education did not offer a "free appropriate public education" to a student who had to wear a tracheostomy tube. The court allowed the parents to recover tuition paid to a private school.

We hold that an unexplained failure to offer a child placement in a classroom with his peers when the child has clearly demonstrated his ability to function in a classroom environment entitles the child to recover the cost of a private school education until an appropriate program is devised.

at 817.

Reimbursement of tuition to the parents in *Katherine D.* does not seem to be inconsistent

with § 1415(e)(3), which requires parties to keep the child in its current placement during pendency of proceedings. Katherine was enrolled in a private school at the start of the controversy, and her parents kept her at the private school during the pendency of proceedings. In the present case, the Scokins removed Davina from her public school program during pendency of proceedings.

**6.** Even if such an exception were allowed, the Scokins would be required to show that defendants were not providing Davina with a free appropriate public education. The fact that Davina experienced regression, standing alone, would not support a finding that defendants were not in compliance with the EAHCA. *See Board of Education v. Rowley,* 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982) (setting out proper inquiry for EAHCA appeals).

Moreover, the State did not receive funding under the Act until that time.

Davina received special education at the CBC during the preceding school year (1977–78) in accordance with then-effective state regulations. Although her educational plan was not identical to plans formulated under EAHCA regulations, she received substantially the same benefits as she would have under the EAHCA. The district court found that she had received a free appropriate education during that year.

■ While maintaining that Davina received an appropriate education during the 1977–78 school year, defendants also argue that they were not subject to the Act's requirements until the summer of 1978, when they began to receive federal funds. We agree.

The requirements set forth in the EAHCA are tied directly to the receipt of federal funds. Although the effective date of the Act is October 1, 1977, school districts were not expected to comply with the Act's provisions on that date. Regarding the Act's substantive requirement that all handicapped children receive a free appropriate education, the Act establishes two target dates:

> In order to qualify for assistance under this subchapter in any fiscal year, a State shall demonstrate to the Commissioner that the following conditions are met:
>
> .  .  .  .  .
>
> (2) The State has developed a plan ... which will be amended so as to comply with the provisions of this paragraph. Each such amended plan shall set forth in detail the policies and procedures which the State will undertake or has undertaken in order to assure that—
>
> .  .  .  .  .
>
> (B) a free appropriate public education will be available for all handicapped children between the ages of three and and eighteen within the State not later than September 1, 1978, and for all handicapped children between the ages of three and twenty-one within the

State not later than September 1, 1980. . . .

20 U.S.C. § 1412. *See Ezratty v. Commonwealth of Puerto Rico,* 648 F.2d 770, 772 (1st Cir.1981) (recipient states are expected to make educational benefits available to handicapped children by September 1978); *Adashunas v. Negley,* 626 F.2d 600, 602 (7th Cir.1980) (district court had held that under the EAHCA all recipients of federal funds must provide a free appropriate education to all handicapped children by September 1, 1978).

Although § 1412 allowed school districts until September 1, 1978 to provide a free appropriate education to handicapped children, the language of the Act indicates that its procedural requirements, set out in § 1415, were to be enforced during any fiscal year that the state received funds under the Act. That section states:

> Any State educational agency, any local educational agency, and any intermediate educational unit which receives assistance under this subchapter shall establish and maintain procedures in accordance with subsection (b) through subsection (e) of this section to assure that handicapped children and their parents or guardians are guaranteed procedural safeguards with respect to the provision of free appropriate public education by such agencies and units.

20 U.S.C. § 1415(a). *See Eberle v. Board of Education,* 444 F.Supp. 41 (D.Pa.1977), aff'd, 582 F.2d 1274 (3rd Cir.1978).

Because the defendants in this case were not receiving EAHCA funding until the beginning of their fiscal year in July 1978, they were not subject to either the procedural or substantive requirements of the Act during the 1977–78 school year.

## V. *Claims Under Section 504 and § 1983*

■ The Scokins also sought relief under section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and under 42 U.S.C. § 1983. We affirm the district court's denial of relief under both of these statutes. A cause of action is stated under section 504

when it is alleged that a school district has refused to provide reasonable accommodations for a handicapped student. *Marvin H. v. Austin Independent School District,* 714 F.2d at 1356. *See Tatro v. State of Texas,* 703 F.2d 823, 832 (5th Cir.1983) (*Tatro II*). Remedies for a violation of section 504 are found in Title VI of the Civil Rights Act of 1964, 29 U.S.C. § 794a(a)(2); a private right of action under Title VI for damages requires intentional discrimination by the defendants. *Marvin H.,* 714 F.2d at 1357. *See Guardians Association v. Civil Service Commission,* —— U.S. ——, 103 S.Ct. 3221, 3235 n. 27, 77 L.Ed.2d 866 (1983). No such intentional discrimination was alleged in this case. The court in *Marvin H.* also held that § 1983 cannot be used as a vehicle to enforce a violation of the EAHCA. *Marvin H.,* 714 F.2d at 1357–58.

The district court's denial of relief to plaintiffs is AFFIRMED, and its application of a thirty-day limitations period, TEX. REV.CIV.STAT.ANN. art. 6252–13a (Vernon Supp. 1982–1983), is REVERSED. Defendants are to pay one-fifth of the costs of this appeal, and plaintiffs are to pay four-fifths of the costs.