Gregory K. LAWSON and Tracy Ellen Lawson, Plaintiffs,

v.

EDWARDSBURG PUBLIC SCHOOL, et al., Defendants.

No. 4:89–CV–105.

United States District Court,
W.D. Michigan, S.D.

Nov. 26, 1990.

**1258**

Gregory K. Lawson, Edwardsburg, Mich., pro se and for plaintiff Tracy Lawson.

Donald J. Bonato, Thrun, Maatsch & Nordberg, Lansing, Mich., Gary R. Peterson, Oosterbaan, York, Cooper & Peterson, Kalamazoo, Mich., for defendants.

Thomas A. Baird, White, Beekman, Przbylowicz, Schneider & Baird, Okemos, Mich., for defendant Lynwood Beekman.

## OPINION

BENJAMIN F. GIBSON, District Judge.

### I.

*Pro se* plaintiff Gregory K. Lawson brings this litigation on behalf of his handicapped daughter, Tracy Ellen Lawson, and himself against the defendants, Edwardsburg Public Schools, the Edwardsburg Board of Education, and the individual members of the board. The second amended complaint seeks review pursuant to the Education of the Handicapped Act ("EHA") and Title 42 United States Code Section 1983 of two due process hearings, Case Nos. C–1449–85 and C–1578–85, held in the spring of 1985 and early 1986 to resolve disputes concerning the Individualized Educational Program ("IEP") established for plaintiff Tracy Lawson. The plaintiffs also seek review of the alleged failure of the defendants to provide a due process hearing for them during 1989. In early 1989, Gregory Lawson requested a due process hearing to address matters contained in his daughter's IEP. The Michigan Department of Education investigated the request and on April 10, 1989, ordered defendant Edwardsburg Public Schools to hold a due process hearing for the plaintiffs. On May 25, 1989, this decision was appealed to the United States Department of Education's Office of Special Education and Rehabilitative Services by defendant Edwardsburg Public Schools. *See* 34 C.F.R. § 76.781(c). This appeal was denied on June 27, 1989.

While this matter was pending, plaintiff Gregory Lawson also filed a complaint with the United States Department of Education's Office of Civil Rights. This complaint alleged that the defendants discriminated against Tracy Lawson on the basis of her handicap in violation of Section 504 of the Rehabilitation Act of 1973, *see* 29 U.S.C. § 794. This act, like the EHA, permits a parent or guardian to request an impartial hearing to resolve any disputes pertaining to the education of a handicapped child. 34 C.F.R. § 104.36. On June 5, 1989, the Office of Civil Rights ruled that the Rehabilitation Act did not require the defendants to hold a hearing to resolve the plaintiffs' objections to the IEP.

As a result of this decision, the defendants sought reconsideration of its appeal to the Office of Special Education and Rehabilitative Services on July 17, 1989. This request was denied on October 27, 1989. Prior to the denial of the defendants' request for reconsideration, the plaintiffs, on September 22, 1989, initiated this action alleging that the defendants had failed to hold a due process hearing for them.

### II.

The defendants object to plaintiff Gregory Lawson representing the interests of his daughter since he is not licensed to practice law. While a litigant has the right to act as his or her own counsel, see 28 U.S.C. § 1654, a non-attorney parent is not permitted to represent the interests of his or her minor child. *E.g., Meeker v. Kerch-*

*er,* 782 F.2d 153, 154 (10th Cir.1986). Therefore, the Court dismisses without prejudice all of Tracy Lawson's claims.

## III.

The fundamental objective of the EHA is to provide appropriate public education to handicapped children. *See* 20 U.S.C. § 1401; 34 C.F.R. § 300.1. The EHA requires participating states to establish procedures that assure handicapped children and their parents or guardians of its procedural safeguards. 20 U.S.C. § 1415(a). The public education is to be tailored to meet the needs of each handicapped child as determined by an IEP.

The EHA prescribes the procedural protections that must be followed before a change in educational placement may occur. 20 U.S.C. § 1415(b)(1)(C). The opportunity for an impartial due process hearing must be provided to any parent or guardian that believes his or her child has been denied rights secured by the EHA. *Id.* § 1415(b)(2). This due process hearing must be conducted by an agency other than the one directly responsible for the education of the child. *Id.* If a local or intermediate body provides an initial due process hearing, the state must also permit appeals to the state educational agency. *Id.* § 1415(c). Finally, the EHA provides that any party aggrieved by the decision reached in the administrative process, including the parent or guardian of the handicapped child, may file suit in either a federal district court or a state court. *Mountain View–Los Altos Union High School Dist. v. Sharron B.H.,* 709 F.2d 28, 29 (9th Cir.1983); *Vander Malle v. Ambach,* 673 F.2d 49, 52 (2d Cir.1982); 20 U.S.C. § 1415(e)(2).

In the present case, the defendants argue that portions of the plaintiff Gregory Lawson's EHA cause of action is barred by the statute of limitations. They also assert that the remainder of it should be dismissed due to the failure of the plaintiff to exhaust his administrative remedies.

■ The EHA, like many federal statutes, does not contain a specific statute of limitations. If a federal statute does not contain a limitations period, then a court is to determine which state cause of action is most analogous to the federal one and adopt its statute of limitations if it is consistent with the policy of the federal cause of action. *Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1941–42, 85 L.Ed.2d 254 (1985).

■ A two-step analysis has been developed to determine which state statute of limitations should be applied to a federal cause of action that lacks an express limitations period. First, it must be determined whether one limitations period should apply to all actions under the federal act or whether the limitations period should vary depending on the facts of the case. *Id.* at 271–76, 105 S.Ct. at 1944–47. After that analysis, the Court must then determine which state cause of action is most analogous and whether the state statute of limitations governing that action is consistent with the policies of the federal statute. *Id.* at 279, 105 S.Ct. at 1948–49.

The nature of actions that can be brought under EHA as well as its goal of proper education of the handicapped child make the selection of state limitations periods on a case-by-case basis imperative. *Janzen v. Knox County Bd. of Educ.,* 790 F.2d 484, 487 (6th Cir.1986). In the present case, plaintiff Gregory Lawson seek review of the due process hearings conducted on behalf on plaintiff Tracy Lawson. Thus, the posture of this litigation is somewhat akin to an appeal from an agency ruling.

A petition for review of a Michigan administrative decision must be filed within sixty days of the final decision of the agency. Mich.Comp.Laws Ann. § 24.304(1) (West 1981). However, the EHA provides for a *de novo* review of the hearing decision. *Scokin v. Texas,* 723 F.2d 432, 436 (5th Cir.1984); 20 U.S.C. § 1415(e)(2). The EHA also permits a party to introduce additional evidence not contained in the administrative record. *Id.* By comparison, a substantial evidence standard of review is utilized by courts reviewing the actions of a Michigan agency. *E.g., Murphy v. Oakland County Dep't of Health,* 95 Mich.

App. 337, 339, 290 N.W.2d 139, 140 (1980). Furthermore, a reviewing court can consider matters not contained in the record only if it finds the record to be inadequate. Mich.Comp.Laws Ann. § 24.305 (West 1981).

Moreover, the Sixth Circuit has opined that a short limitations period is contrary to the EHA's goal of parental involvement in the education of their handicapped child. *Janzen*, 790 F.2d at 488. Sixty days is not enough time for parents to pursue judicial review of their complaint especially in light of the fact that some of them may not retain counsel to assist them with the due process hearing.[1] *Schimmel v. Spillane*, 819 F.2d 477, 482–83 (4th Cir.1987); *Scokin*, 723 F.2d at 437. *Cf. DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 165–66, 103 S.Ct. 2281, 2291, 76 L.Ed.2d 476 (1983) (declining to apply the state statute of limitations applicable to vacation of commercial arbitration proceedings to "hybrid" Section 301 actions, *see Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967)). Given this admonishment from the Sixth Circuit along with the fact that a more stringent standard of review is to be applied to EHA hearings, the Court declines to adopt the sixty-day limitations period applicable to the review of decisions made by Michigan agencies. *Janzen*, 790 F.2d at 487.

■ However, it appears to the Court that the plaintiffs' cause of action can be fairly compared only to the review of an order issued by an agency. Moreover, the Court believes that Michigan's six-year limitations for all actions that do not have a specific limitations period, *see* Mich.Comp. Laws Ann. § 600.5813 (West 1987), is simply too long to effectuate Congress' goal that disputes arising under the EHA be promptly resolved. *Janzen*, 790 F.2d at 484. Therefore, the Court will apply the three-year statute of limitations that is applicable to all claims against the State of

Michigan except those involving allegations of negligence in the design and/or repair of a roadway. Michigan Comp.Laws Ann. §§ 600.6452(1), 691.1411(3) (West 1987).

Having determined that a three-year limitations period is applicable to the plaintiff Gregory Lawson's cause of action, the Court holds that any claims concerning Cases C–1449–85 and C–1578–85 are barred. These matters were resolved in the spring of 1985 and early 1986 respectively.[2] Since this action was not commenced until September 22, 1989, the Court cannot review these two matters and dismisses this portion of plaintiff Gregory Lawson's due process claim with prejudice.

■ Moreover, prior to commencing suit, an EHA plaintiff must exhaust the administrative remedies available to him. *Crocker v. Tennessee Secondary School Athletic Ass'n*, 873 F.2d 933, 935 (6th Cir.1989). These procedures must be used unless a plaintiff establishes that use of them would be futile or inadequate. *Doe v. Smith*, 879 F.2d 1340, 1343 (6th Cir.1989), *cert. denied*, — U.S. ——, 110 S.Ct. 730, 107 L.Ed.2d 749 (1990).

■ In the present case, the final resolution of plaintiff Gregory Lawson's request for a due process hearing did not occur until October 27, 1989. This action was commenced on September 22, 1989, more than a month before that decision was announced. Since this suit was filed before the merits of plaintiff Gregory Lawson's request for a due process hearing were resolved, this Court cannot rationally conclude that he has exhausted their administrative remedies or that the utilization of them would be futile. Therefore, the Court cannot address the merits of this portion of his due process claim and dismisses it without prejudice. *Crocker*, 873 F.2d at 937.

## IV.

■ Plaintiff Gregory Lawson also seeks recovery from the defendants for

---

1. The EHA gives parents and guardians the right to be accompanied and advised by counsel at hearings regarding their child's education. 20 U.S.C. § 1415(d)(1).

2. In addition to being untimely, there is also a strong possibility that plaintiff Gregory Lawson's objections to these due process hearings are moot since the EHA requires the Individualized Educational Program to be reevaluated annually. 20 U.S.C. § 1414(a)(5).

their alleged noncompliance with EHA through Title 42 United States Code Section 1983. Generally, Section 1983 is available to redress violations of federal statutes by state actors. *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). As long as there has been a state deprivation of a right secured by a federal statute, Section 1983 provides a remedial cause of action unless the defendant establishes by express provision or other evidence from the statute itself that Congress intended to foreclose such a remedy. *Wright v. City of Roanoke Redevelopment & Hous. Auth.,* 479 U.S. 418, 107 S.Ct. 766, 771, 93 L.Ed.2d 781 (1987). Since a Section 1983 litigant seeking redress for a violation of EHA would not have to utilize the statute's administrative remedies, this provision may not be used to enforce rights protected by the EHA. *Smith v. Robinson,* 468 U.S. 992, 1011–12, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984). Therefore, the Court dismisses the Section 1983 claim with prejudice.[3]

## V.

For the reasons stated above, the claims of plaintiff Tracy Lawson and the portions of plaintiff Gregory Lawson's due process claim that pertain to the 1989 request for a due process hearing are dismissed without prejudice. All other causes of action advanced on behalf of plaintiff Gregory Lawson are dismissed with prejudice.

---

**3.** Since plaintiff Gregory Lawson does not allege that the procedures established by the State of Michigan are insufficient to protect his EHA rights, his Section 1983 claim cannot be read as a due process challenge to those procedures. *Smith,* 468 U.S. at 1014 n. 17, 104 S.Ct. at 3469 n. 17; *Robinson v. Pinderhughes,* 810 F.2d 1270, 1273 (4th Cir.1987).