# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-02-00670-CV

**Texas Advocates Supporting Kids with Disabilities/Texas Education Agency and Felipe Alanis, Commissioner of Education, Appellants**

**v.**

**Texas Education Agency and Felipe Alanis, Commissioner of Education/Texas Advocates Supporting Kids with Disabilities, Appellees**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. GN20079, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## O P I N I O N

Texas must comply with certain requirements to receive funding under the Federal Individuals with Disabilities Education Act (the Federal Act). One of these requirements is that the Texas Education Agency (TEA) allow parents of children with disabilities to contest in an administrative hearing the yearly individualized education plans developed by the school district. The Federal Act also gives parents the right to judicial review of TEA's decision in state or federal court. In this appeal we must decide whether TEA has the authority to promulgate two limitations periods: a one-year period applicable to the administrative hearing, and a ninety-day period applicable to judicial review of the administrative determination. Because we hold that TEA has the

authority to establish the one-year period, but lacks the authority to establish the ninety-day period, we affirm the district court's declaratory judgment.

## BACKGROUND

The Federal Act provides financial assistance to states for educating disabled children. *See* 20 U.S.C.A. § 1412 (West 2000). To receive these funds, a state must implement policies to meet all federally mandated conditions. *Id.* Such conditions include making "[a] free appropriate education . . . available to all children with disabilities residing in the [s]tate between the ages of 3 and 21" by means of an "individualized education program." *Id.* § 1412(a)(1)(A), (4). The Federal Act provides specific "procedural safeguards" to children with disabilities and their parents in structuring their individualized education programs. *See id.* § 1415(a) (West 2000). Parents are afforded an impartial "due process hearing" before TEA to resolve any disagreements with the school district about the appropriateness of their child's education program. *See id.* § 1415(f) (West 2000). If they are still dissatisfied, parents may seek judicial review of TEA's decision in state or federal court. *See id.* § 1415(i)(2).

The Texas Legislature has mandated that TEA "develop, and modify as necessary, a statewide design, consistent with federal law, for the delivery of services to children with disabilities in this state." Tex. Educ. Code Ann. § 29.001 (West Supp. 2003). The statewide design must include "rules for the administration and funding of the special education program so that a free appropriate public education is available to all of those children between the ages of three and 21." *Id.* TEA has developed such a design, which it implements through a set of detailed rules. *See* 19 Tex. Admin. Code §§ 89.61-.1191 (2003).

Neither Congress nor the Texas Legislature has imposed time periods for filing requests for due process hearings or seeking judicial review of TEA's decisions. In the absence of legislatively enacted limitations periods, hearing officers have traditionally applied the two-year tort limitations period to due process claims. *See* Texas Education Agency, *James P. v. Northeast Indep. Sch. Dist.*, Docket No. 270-SE-496 (June 24, 1996) (Decision of Hearing Officer); *cf. McDowell v. Fort Bend Indep. Sch. Dist.*, 737 F. Supp. 386, 388-89 (S.D. Tex. 1990). Similarly, state and federal courts have borrowed this two-year limitations period for suits for judicial review. *See Scokin v. Texas*, 723 F.2d 432, 438 (5th Cir. 1984). Recently, however, TEA determined that the longer it takes to resolve disputes through a due process hearing and subsequent suit for judicial review, the greater the potential damage to a child's education. Accordingly, in December 2001, TEA adopted rules creating shorter time limits for initiating due process hearings and for requesting judicial review of the resulting TEA decisions. *See* 19 Tex. Admin. Code §§ 89.1151(c), .1185(p) (2003). The first rule requires a parent to "request a due process hearing within one year of the date the complainant knew or should have known about the alleged action that serves as the basis for the hearing request." *Id.* § 89.1151(c). The second rule requires that an appeal of a TEA decision "must be initiated no more than 90 days after the date the hearing officer issued his or her written decision in the due process hearing." *Id.* § 89.1185(p).

Texas Advocates Supporting Kids with Disabilities, an advocacy group for disabled children and their parents, filed suit seeking a declaratory judgment invalidating both limitations periods. It claimed that TEA had violated the separation-of-powers provision of the Texas Constitution by promulgating the two rules. *See* Tex. Const. art. II, § 1. Both Texas Advocates and

3

TEA filed motions for summary judgment on this issue. The trial court granted each motion in part and denied each in part, declaring that (1) rule 89.1151(c)—the one-year limitations period for initiating a due process hearing within TEA—"does not violate Art. II, Section 1 of the Texas Constitution and was properly delegated by the Texas Legislature to the Texas Education Agency," while (2) rule 89.1185(p)—the ninety-day limitations period for obtaining judicial review of TEA's decision—is invalid "because it violates Art II, Section 1 of the Texas Constitution." Texas Advocates appeals the portion of the judgment declaring the one-year period valid, and TEA appeals the portion of the judgment declaring the ninety-day period invalid.

## DISCUSSION

In its motion for summary judgment, Texas Advocates claimed that TEA violated the separation-of-powers provision of the Texas Constitution by promulgating the challenged rules. *See* Tex. Const. art. II, § 1. The argument that it urges most strongly on appeal is that TEA exceeded its statutory authority when it promulgated the rules, *i.e.*, that the legislature did not delegate to TEA the authority to impose such limitations periods.[1]

---

[1] It is not necessarily incorrect to speak of an agency exceeding its statutory authority as a violation of the separation-of-powers doctrine. *See Brown v. Humble Oil & Refining Co.*, 83 S.W.2d 935, 941 (Tex. 1935); *cf. Nagahi v. INS*, 219 F.3d 1166, 1169-71 (10th Cir. 2000). However, the normal practice is to challenge agency action as being in excess of its statutory authority without making explicit reference to separation of powers, *see, e.g.*, *Public Util. Comm'n v. City Pub. Serv. Bd.*, 53 S.W.3d 310, 315-16, 325 (Tex. 2001), and to treat questions of whether an agency exceeded its statutory authority distinctly from questions of whether other separation-of-powers violations have occurred. *See, e.g.*, *Texas Bldg. Owners & Managers Ass'n v. Public Util. Comm'n*, No. 3-02-611-CV, slip op at 10-19, 2003 Tex. App. LEXIS 4710, at *13-29 (Tex. App.—Austin June 5, 2003, no pet. h.); *Black v. Dallas County Bail Bond Bd.*, 882 S.W.2d 434, 437-39 (Tex. App.—Dallas 1994, no writ).

Because the propriety of a summary judgment is a question of law, we review the trial court's decision *de novo*. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994); *Texas Dep't of Ins. v. American Home Assurance Co.*, 998 S.W.2d 344, 347 (Tex. App.—Austin 1999, no pet.). The standards for reviewing a motion for summary judgment are well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Props. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). When both sides move for summary judgment and the trial court grants one party's motion and denies the other, we review both sides' summary-judgment evidence and determine all questions presented. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). If we find that the trial court erred, we will reverse and render the judgment that the trial court should have rendered. *See id.*; *Bradley v. State ex. rel White*, 990 S.W.2d 245, 247 (Tex. 1999).

### *RULE 89.1151(c)*

Texas Advocates complains that the district court erred in finding that TEA has the authority to place a one-year limitations period on requests for due process hearings. Initially, TEA did not promulgate a limitations period governing due process hearings. Hearing officers applied a two-year limitations period to such requests. *See, e.g.*, Texas Education Agency, *James P. v. Northeast Indep. Sch. Dist.*, Docket No. 270-SE-496 (June 24, 1996) (Decision of the Hearing

5

Officer) (applying two-year limitations period for personal-injury cases set forth in section 16.003 of civil practice and remedies code as "limitations period most applicable" to request for hearing).

After TEA promulgated the one-year period in rule 89.1151,Texas Advocates charged that the legislature did not delegate to the agency the power to impose a limitations period for due process hearings, s*ee* 19 Tex. Admin. Code § 89.1151(c), and that if it did so intend, that the delegation is void for lack of reasonable standards.

## A. *Exceeding Statutory Authority*

An agency is entirely a creature of the legislature, possessing only such powers as are delegated to it. *See Public Util. Comm'n v. GTE-Southwest, Inc.*, 901 S.W.2d 401, 406-07 (Tex. 1995); *Texas Parks & Wildlife Dep't v. Callaway*, 971 S.W.2d 145, 148 (Tex. App.—Austin 1998, no pet.). The powers of the agency include both the powers delegated by the legislature in clear and express statutory language, and any implied powers that may be necessary to perform a function or duty so delegated. *GTE Southwest Inc. v. Public Util. Comm'n*, 10 S.W.3d 7, 12 (Tex. App.— Austin 1999, no pet.). When the legislature expressly confers a power on an agency, it also impliedly intends that the agency have whatever powers are reasonably necessary to fulfill its express functions or duties. *See id.*; *GTE-Southwest, Inc.*, 901 S.W.2d at 407. An agency may not, however, exercise what is effectively a new power on the theory that such exercise is expedient for the agency's purposes. *GTE-Southwest, Inc.*, 901 S.W.2d at 407.

As discussed above, to receive federal funds, Congress has required states to make available "a free appropriate public education . . . to all children with disabilities residing in the

6

[s]tate between the ages of 3 and 21." *See* 20 U.S.C.A. § 1412(a)(1)(A). This free appropriate education must be provided by an "individualized education program." *Id.* § 1412 (a)(4)

The Texas Legislature has expressly delegated to TEA the responsibility and power to create a statewide program to educate disabled children consistent with federal law:

> The [A]gency shall develop, and modify as necessary, a statewide design, consistent with federal law, for the delivery of services to children with disabilities in this state, that includes rules for the administration and funding of the special education program so that a free appropriate public education is available to all those children between the ages of three and 21. The statewide design shall include the provision of services primarily through school districts and shared service arrangements, supplemented by regional education service centers. The agency shall also develop and implement a statewide plan with programmatic content that includes procedures designed to [among other things]:
>
> ! ensure state compliance with requirements for supplemental federal funding for all state-administered programs involving the delivery of instructional or related services to students with disabilities;
>
> ! ensure that an individualized education program for each student with a disability is properly developed, implemented, and maintained in the least restrictive environment that is appropriate to meet the student's educational needs[.]

Tex. Educ. Code Ann. § 29.001. TEA has developed just such a statewide design, consistent with the Federal Act, which includes detailed procedural rules for the federally-required due process hearings. *See* 19 Tex. Admin. Code §§ 89.1150-.1191 (2003).

Texas Advocates claims that, although it may have the power to promulgate most of the rules comprising its statewide design, TEA nonetheless lacks the power to promulgate the one-year limitations period. It argues that because "the sentence in which the rule-making authority is

7

embedded concerns the . . . statewide design for the delivery of *services*," it follows that TEA's authority is limited to promulgating rules specifically focused on "the delivery and availability of services." It further claims that the second sentence of the paragraph, which states that the delivery of services is to be accomplished primarily through school districts and shared services arrangements, bolsters its conclusion that "this introductory paragraph, read as a whole, is simply not about due process administrative hearings." We reject Texas Advocates' extremely narrow reading of the introductory paragraph of section 29.001. There are two major problems with Texas Advocates' interpretation: First, because they involve parents' challenges to their children's individualized-education plans, due process hearings manifestly *do* concern the delivery and availability of services; and second, even if this were not the case, the same sentence requiring a statewide design "for the delivery of services to children with disabilities" also requires that TEA enact rules "so that a free appropriate public education is available to all those children between the ages of three and 21"; without doubt, the availability of due process hearings to challenge inappropriate education programs is inextricably connected with the "free appropriate public education" required by the Federal Act. *See* 20 U.S.C.A. § 1412(a)(1)(A).

The more reasonable reading of section 29.001 is that it delegates to TEA the responsibility to develop and oversee a program to implement the Federal Act's requirements. Section 29.001 specifically authorizes TEA to adopt rules for the administration of the state's special-education program that are consistent with the requirements of the Federal Act. Moreover, section 29.001 echoes the Federal Act by requiring that TEA's rules ensure disabled students a free and appropriate public education by means of an individualized education program.

8

Our reading is bolstered by the Federal Act itself, which expressly contemplates that the appropriate body to "establish and maintain procedures . . . to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of free appropriate public education . . ." is the "[s]tate educational agency, [s]tate agency, or local educational agency" that receives the federal funding. *Id.* § 1415(a).

The due process hearings are part of the federal program that TEA is required to implement. The fact that TEA did not initially enact a limitations period does not mean that it lacks such authority. We hold that the legislature granted the agency sufficiently broad power in section 29.001 to promulgate a limitations period that it deems would benefit the education of disabled children in the state.[2] We conclude that TEA did not exceed its statutory authority in promulgating the one-year limitations period to seek an administrative hearing.

## B. Reasonable Standards

In a complex society such as ours, delegation of legislative power is both necessary and proper in certain circumstances. *See FM Props.*, 22 S.W.3d at 873. The legislature may delegate powers to agencies established to carry out legislative purposes as long as the legislature establishes reasonable standards to guide the agency in exercising those powers. *Id.*; *see Edgewood Indep. Sch. Dist. v. Meno*, 917 S.W.2d 717, 740 (Tex. 1995).

---

[2] Texas Advocates bolsters its reading by citing to (1) the absence of any reference to due process hearing procedures in the legislative history of section 29.001, and (2) the fact that the legislature has in the past "revamped substantial portions of the Education Code without addressing the issue of limitations periods or due process hearings." However, we think that the plain meaning of the statute is sufficiently clear and are not moved by these additional arguments.

Texas Advocates argues that even if the legislature intended to delegate to TEA the power to promulgate a limitations period, the delegation is void for lack of reasonable standards to guide TEA in the exercise of that power. We do not fully understand Texas Advocates' argument on this point. The legislature delegated to TEA the power to create and administer a statewide design to educate disabled children consistent with the requirements of the Federal Act. We have held that TEA has the power to enact a limitations period for the federally required due process hearings as a part of its design. Texas Advocates does not challenge the sufficiency of the standards which are to guide TEA in the enactment of its statewide design; instead, by focusing only on the limitations period, it seems to imply that the legislature must provide very specific guidance if it wants an agency to be able to impose a limitations period for its administrative hearings.[3] Texas Advocates provides no competent authority for this position, and we have found none to support it. To the contrary, Texas courts generally uphold legislative delegations to state agencies. *See Boll Weevil Eradication Found. v. Lewellan*, 952 S.W.2d 454, 467 (Tex. 1997). Because the legislative standards were sufficient to guide TEA in the development of its statewide design, and the limitations period for due process hearings is an integral part of that design, the legislature has

---

[3] This is a somewhat charitable reading of Texas Advocates' argument; it is also possible to interpret its position as simply reiterating its claim that the Legislature did not in fact delegate to it the authority to enact the one-year limitations period. For example, it concludes its argument with the claim that "[t]he absence of standards to guide TEA in the exercise of the power it claims to have been delegated is not surprising, as the power itself appears nowhere—expressly or impliedly—in the statutory text."

prescribed sufficient standards to guide TEA's discretion. We overrule Texas Advocates' issue and affirm the district court's declaration that rule 89.115(c) is valid.

## *RULE 89.1185(p)*

TEA complains that the district court erred in finding that it lacks the authority to place a ninety-day limitations period on filing a suit for judicial review. The Federal Act provides for judicial review of TEA's determinations:

> [A]ny party aggrieved by the findings and decision [of TEA] . . . shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any [s]tate court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy.

20 U.S.C.A. § 1415(i)(2)(A). In *Scokin v. Texas*, the United States Court of Appeals for the Fifth Circuit considered which limitations period to apply to a suit for judicial review brought under this provision. 723 F.2d 432, 435-39 (5th Cir. 1985). The *Scokin* court applied the principle that when a federal statute creates a right but does not specify a period of limitations, federal courts will generally apply the limitations period applicable to the most analogous state cause of action, so long as the period is consistent with the underlying policy of the federal act. *Id.* at 436. The court rejected the argument that it should borrow the thirty-day limitations period applicable to a state-court suit for judicial review of a state agency decision under the Administrative Procedure Act. *Id.* Finding a thirty-day period contrary to the Act's goal of parental involvement, the court applied the two-year period generally applicable to tort claims. *Id.* at 437-39. TEA argues that the broad delegation of power found in section 29.001 of the education code gives it the authority to

11

promulgate what is effectively a statute of limitations for suits seeking judicial review of TEA's decisions. We disagree.

As discussed above, TEA has only those powers delegated to it by the legislature in clear and express statutory language, and those powers that can be implied because they are necessary to perform a function or duty so delegated. *GTE Southwest Inc.*, 10 S.W.3d at 12. The power to develop procedures for judicial review of its own decisions is not encompassed by the express requirement that TEA develop and administer a statewide design for the education of children with disabilities. *See* Tex. Educ. Code Ann. § 29.001. The due process hearings themselves are undoubtedly a part of the statewide design based on individualized education programs. By contrast, judicial review of TEA's decisions is an external check on the agency's authority and judgment by the courts. The power to promulgate rule 89.1185(p) was not expressly granted and cannot be implied because judicial review of TEA's decision is manifestly not a "function or duty" of the agency, but a function of the state and federal courts. *See* 20 U.S.C.A. § 1415(i)(2)(A). If the legislature wants TEA to have some role in defining this process of judicial review, it needs to explicitly so provide. *See Nagahi v. INS*, 219 F.3d 1166, 1168-72 (10th Cir. 2000) (broad congressional delegation of authority to Immigration and Naturalization Service regarding naturalization decisions did not grant agency authority to enact limitations period for judicial review of denial of naturalization applications). We decline to hold otherwise and to attribute to the legislature the intent to allow TEA to unilaterally limit the only apparent external check on its due process determinations. We overrule TEA's issue and affirm the district court's declaration that rule 89.1185(p) is invalid.

12

## CONCLUSION

TEA acted within its statutory authority and did not violate separation-of-powers principles when it promulgated a one-year limitations period to seek an administrative hearing to challenge an individualized education program. However, TEA lacks the statutory authority to promulgate a limitations period to seek judicial review of its decisions. We therefore affirm the declaratory judgment of the district court in all respects.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   July 11, 2003

13