# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2021

Lyle W. Cayce
Clerk

No. 20-40315

D.H.H., *a minor student with disabilities, by and with and through her parent/guardian/next friend* Rob Anna H.; Rob Anna H., *parent/guardian/next friend of* D.H.H., *a minor student with disabilities*,

*Plaintiffs—Appellants*,

*versus*

Kirbyville Consolidated Independent School District,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:18-CV-120

Before Wiener, Costa, and Willett, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40315

This case concerns the Individuals with Disabilities Education Act ("IDEA"),[1] Title II of the Americans with Disabilities Act ("ADA"),[2] and § 504 of the Rehabilitation Act of 1973.[3] The parties ask us to focus on the differences and similarities between these statutes, but we need not do so. Instead, we apply binding precedent and hold that Plaintiffs-Appellants do not meet the "intentional discrimination" standard on which their claims are based. We therefore affirm.

## I.

Plaintiff-Appellant D.H.H., a senior in high school at the time of this appeal, has been attending school in the Kirbyville Consolidated Independent School District (the "School District") since the sixth grade. D.H.H. obtained mostly good grades in school, but the record is inconsistent regarding her overall behavior, both in and out of the school setting.

Plaintiff-Appellant Rob Anna H., one of D.H.H.'s parents, emailed the School District requesting a comprehensive evaluation of then eighth grader D.H.H. for special education services or § 504 services, or both. The following day, Rob Anna H. consented to a full individual evaluation of D.H.H.[4] The School District's evaluators interviewed D.H.H. and her teachers and ultimately concluded that D.H.H. was not eligible for special education and related services.

---

[1] 20 U.S.C. § 1400 *et seq.*

[2] 42 U.S.C. § 12131 *et seq.*

[3] 29 U.S.C. § 794. Because the only difference between a § 504 claim and an ADA claim is causation, *see Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005), we refer to both claims and statutes as "§ 504 claims" and "§ 504."

[4] *See* 20 U.S.C. § 1414(D)(i)(1).

No. 20-40315

While the evaluations were ongoing, Rob Anna H. filed a request on behalf of D.H.H. for a due process hearing, complaining that the School District had wrongly failed to identify D.H.H. as an eligible child with a disability. The request sought a determination that D.H.H. was eligible for educational accommodations under IDEA and § 504.

A special education hearing officer ("SEHO") dismissed D.H.H.'s § 504 claim for lack of subject matter jurisdiction, and the hearing proceeded on the IDEA claim. The SEHO made factual findings about D.H.H.'s performance in school and interactions with her peers. He also took into account Rob Anna H.'s retained psychologist's findings concerning D.H.H.'s wellbeing. The SEHO ordered the School District to reimburse Plaintiffs for the private evaluations in the amount of $3,830. The SEHO ultimately concluded that D.H.H. was not an eligible student with a disability.

Rob Anna H. requested a second due process hearing, again seeking an eligibility determination under IDEA, § 504, and the ADA. A new SEHO found that, by the tenth grade, D.H.H. had experienced a marked improvement in her behavior since middle school and had been academically successful in the general education setting during the ninth and tenth grades. The SEHO issued a decision concluding that D.H.H. was not an eligible student with a disability.[5]

Plaintiffs had filed this lawsuit prior to filing for a second due process hearing, appealing the first SEHO's decision and litigating their claims under § 504 only. After compiling an extensive record, the parties each filed

---

[5] Rob Anna H. initially appealed this decision to the district court, but later dismissed that appeal. *See D.H.H. v. Kirbyville Consol. Indep. Sch. Dist.*, No. 1:19-cv-00130 (E.D. Tex. Sept. 6, 2019). The second SEHO's decision is therefore not at issue in this appeal.

motions for summary judgment. The district court referred the case to a magistrate judge, who issued a report and recommendation. The district court entered an order adopting the magistrate judge's report and recommendation in full and entered final judgment for the School District on all claims. Plaintiffs timely appealed.

## II.

The district court disposed of Plaintiffs' § 504 claim on summary judgment, so our review is de novo.[6] We review all evidence and make reasonable inferences in favor of the non-movant when necessary.[7] Summary judgment is appropriate when there is no dispute of material fact and the movant is entitled to judgment as a matter of law.[8]

## III.

Our binding precedent requires intentional discrimination (bad faith or gross misjudgment) to survive summary judgment when a plaintiff brings a § 504 claim. Plaintiffs provided no evidence of intentional discrimination.[9]

### A.

The damages provisions of the Rehabilitations Act direct us to Title VI remedies, so we look to Title VI caselaw to determine the requirements

---

[6] *See D.A. ex rel Latasha A. v. Hous. Indep. Sch. Dist.*, 629 F.3d 450, 453 (5th Cir. 2010).

[7] *Id.* (citing *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576 (5th Cir. 2003)).

[8] FED. R. CIV. P. 56(a).

[9] *See D.A.*, 629 F.3d at 455 ("We concur that facts creating an inference of professional bad faith or gross misjudgment are necessary to substantiate a cause of action for intentional discrimination under § 504 . . . against a school district predicated on a disagreement over compliance with IDEA.").

No. 20-40315

for a § 504 claim.[10] "[A] private right of action under Title VI for damages requires intentional discrimination by the defendants."[11]

In *Marvin H. v. Austin Independent School District*, we explained "that a cause of action is stated under section 504 when it is alleged that a school district has *refused* to provide reasonable accommodations for the handicapped plaintiff to receive the full benefits of the school program."[12] We noted in *D.A.* that "*Marvin H*[.] used the term 'refusal' because the statute requires *intentional discrimination* against a student on the basis of his disability."[13] Therefore, "'something more than a mere failure to provide the "free appropriate education [("FAPE")] required by [IDEA] must be shown.'"[14]

We also explained the evidence with which a plaintiff is required to come forward to show intentional discrimination at the summary judgment stage to show intentional discrimination. We require "facts creating an inference of professional bad faith or gross misjudgment . . . to substantiate a cause of action for intentional discrimination under § 504."[15]

---

[10] 29 U.S.C. § 794a(a)(2); *see also Scokin v. Texas*, 723 F.2d 432, 441 (5th Cir. 1984).

[11] *Scokin*, 723 F.2d at 441 (citing *Marvin H. v. Austin Indep. Sch. Dist.*, 714 F.2d 1348, 1357 (5th Cir. 1983)). *But see Guardians Ass'n v. Civ. Serv. Comm'n*, 463 U.S. 582, 584 (1983) (affirming judgment of lower court when there was no evidence of discriminatory animus or intent); *see also id.* at 599–600 (White, J., concurring) (explaining that a private right of action for Title VI violations requires "proof of intentional discrimination").

[12] 714 F.2d at 1356 (emphasis in original).

[13] 629 F.3d at 454 (emphasis added) (citing *Marvin H.*, 714 F.2d at 1357).

[14] *Id.* (alterations in original) (quoting *Monahan v. Nebraska*, 687 F.2d 1164, 1170 (8th Cir. 1982)).

[15] *Id.* at 455.

**B.**

Here, Plaintiffs' allegations are based entirely on the School District's *refusal* to identify D.H.H. as a student entitled to special education and related services.[16] Therefore, Plaintiffs had to show that the School District intentionally discriminated against D.H.H.[17] Plaintiffs, however, have provided no evidence that the School District intentionally discriminated against D.H.H. The School District provided D.H.H. with educational services, but D.H.H. refused to take advantage of those services. The School District initiated a thorough, committee-driven evaluation of D.H.H.'s disabilities and needs. The committee determined that D.H.H. experienced no educational impact from her diagnosed emotional disturbance. The committee found more specifically that (1) D.H.H. had average to above-average grades in the sixth and seventh grades, (2) her attendance was satisfactory, and (3) that her interviewed teachers all stated that they had not experienced any behavioral problems with D.H.H. The only evidence of emotional disabilities and needs stems from Rob Anna H.'s accounts. Plaintiffs have failed to adduce any evidence of intentional discrimination at the summary judgement stage, so their claim fails as a matter of law.

Plaintiffs nevertheless contend in their brief, and asserted at oral argument, that their claims are not for damages, but that instead they are for equitable relief, inferring that disparate impact is the proper standard. We disagree. Although Plaintiffs are correct that they demanded equitable relief in their First Amended Complaint, their allegations are completely based on *refusal* to provide educational services, or a FAPE. Our precedents require

---

[16] *See Marvin H.*, 714 F.2d at 1356; *D.A.*, 629 F.3d at 454.

[17] *See D.A.*, 629 F.3d at 454–55 (requiring intentional discrimination at the summary judgment level when it is alleged that a school district *refused* to comply with the IDEA).

No. 20-40315

evidence of intentional discrimination at the summary judgment stage for claims based on a refusal to provide a FAPE.[18]

In sum, the School District fulfilled its duties under the Rehabilitations Act (§ 504) by not intentionally discriminating against D.H.H.

For the foregoing reasons, the district court's judgment is AFFIRMED.

---

[18] *See id.* at 451 (concluding that, at the summary judgment stage, the plaintiffs could not demonstrate intentional discrimination based on a refusal to provide a FAPE and therefore their claims were properly dismissed).